## Taddeo v. Zoning Board of Adjustment

*R. E. Machen*, for appellant.

*M. W. Bullock, Jr.*, and *A. L. Freedman*, for zoning board.

HAGAN, J,. April 7, 1955.—This is an appeal from a decision of the zoning board of adjustment refusing to grant plaintiff a permit for the operation of a barber

shop as a "Home Occupation" at premises 2844 Rawle Street, Philadelphia, Pa., in a "D" residential district.

This matter was before us on one previous occasion. At that time it had been considered by the zoning board as a request for a variance, and a variance was refused by the board. Upon appeal to this court, we remanded the matter to the zoning board for rehearing on the basis of an application for a "Home Occupation" permit. After rehearing, the board refused to grant such permit, and it is upon appeal from this decision that the matter is now before us.

The record before the zoning board reveals that the applicant is a man who was employed for a long period in a shoe factory, but whose doctor advised him that such work was too strenuous for him and that he should find some lighter work. The applicant proposes to operate a one-man barber shop in his home, which is a corner property, with a street level basement having a separate entrance from the sidewalk; and it is in this basement that applicant seeks to establish his barber shop. Applicant proposes to have one chair, a sign, a cabinet, a mirror, and the necessary incidental plumbing. He will not advertise nor have any employes, and he expects to draw his business from friends in the neighborhood. His hours are to be from 9 a.m. to 7 p.m. No protests have been filed by any of those who would be affected by the application; and, on the contrary, numerous persons in the neighborhood appeared at the hearing and joined in the application. Upon these facts the board refused to permit applicant to conduct the proposed barber shop as a "Home Occupation".

Although applicant presents a case which has a strong sympathetic appeal, it is our conclusion that the decision of the zoning board must be affirmed.

Section 14 (a) of the Philadelphia Zoning Ordinance of August 10, 1933, as amended, provides:

"*Accessory Uses.* The accessory uses in residential districts shall include such uses as are customary and incident to any permitted use, not involving the conduct of a business, but may include the office or studio of a professional person and *home occupations engaged in by occupants of a dwelling* and may include a private garage or private stable." (Italics supplied.)

A "Home Occupation" is defined in section 2(12) of the Philadelphia Zoning Ordinance as follows:

"HOME OCCUPATION. Any lawful occupation *customarily conducted* in a dwelling as an incidental use." (Italics supplied.)

This court recently reversed the zoning board of adjustment in the case of Lavelle v. Zoning Board of Adjustment, 4 D. & C. 2d 361, where the board had refused to permit an applicant to conduct a beauty parlor in her home as a "Home Occupation"; and counsel for the applicant cites this decision in support of his client's application. Aside from the factual differences between the operation of a home beauty parlor and the proposed method of operating a barber shop in the instant case (the beauty parlor being conducted in an ordinary room in the house, while the barber shop in this case is proposed to be conducted in a basement room on the street level, with a separate entrance from the sidewalk), there is a basic difference between the operation of a beauty parlor and a barber shop, in that barber shops are not customarily conducted in one's home, while beauty parlors are more similar to a room in a home devoted to dressmaking, which seems to be the classic example of a "Home Occupation".

The scope of review in the instant case is as on certiorari, and it is only where the record clearly establishes an arbitrary, capricious or unreasonable determination or a clear violation of positive law that

we may interfere with the exercise of discretion by the Zoning Board of Adjustment: Triolo et al. v. Exley et al., 358 Pa. 555, 558. We must further bear in mind that zoning laws are a part of an over-all program of city planning, and if courts undertake in individual cases to whittle away at the foundation of the zoning law, they are usurping the function of the duly designated authority and are, in the long run, defeating the ends of city planning.

We cannot say that the zoning board, in refusing to permit applicant to conduct a barber shop in his home as a "Home Occupation" in the manner proposed, acted in an arbitrary, capricious or unreasonable manner or in clear violation of positive law; and, therefore, the court enters the following

### Order

And now, to wit, April 7, 1955, the decision of the zoning board of adjustment is hereby affirmed and the appeal of the applicant is hereby dismissed.