## Weir v. Zoning Board of Adjustment

*James C. Lanshe,* for appellant.

*Roy A. Reabuck,* for zoning board of adjustment.

KOCH, J., October 7, 1957.—Appellant, who is a licensed funeral director since 1948, has entered into an agreement for the purchase of a dwelling situate at the southwest corner of Eighteenth and Turner Streets and known as 1800-02 Turner Street, which is located in a residence "B" area under the Zoning Ordinance of the City of Allentown. On April 30, 1957, the zoning officer denied an application to convert the dwelling into a funeral parlor and residence on the ground that the proposed use was prohibited in a residence district. An appeal was heard by the zoning board of adjustment which sustained the action of the zoning officer and made the following findings:

"13. The proposed funeral home is a business and therefore a prohibited use under the Zoning Ordinance.

"14. The applicant is not a 'professional person' in relation to the business which he proposes to conduct in the property and he does not come within the meaning of words 'other like professional person' used in the ordinance (Sec. 3) defining an accessory use.

"15. The applicant is not entitled to a variance from a business use because the alleged hardship suffered is not unique and the alleged hardship to the property is no different than the hardship endured by all other people in the neighborhood as the result of the operation of the Zoning Ordinance."

The appeal now before us embraces two questions: (1) Was there sufficient evidence before the zoning board of adjustment to entitle appellant to a variance by reason of hardship? (2) Is appellant a "professional person" within the meaning of the phrase "other like professional person" as used in section 3 of the Zoning Ordinance of the City of Allentown defining accessory use?

A review of the testimony persuades us that the board was not guilty of a manifest and flagrant abuse

of discretion in refusing the variance. While it is true that the character of the neighborhood in question has undergone changes, there was no evidence produced that the premises cannot be used for residential purposes. Variations are confined to cases of particular necessity and for reasons that are substantial, serious and compelling: Huebner v. Philadelphia Saving Fund Society et al., 127 Pa. Superior Ct. 28; Valicenti's Appeal, 298 Pa. 276. The board of adjustment will not be reversed unless its action was "a manifest and flagrant abuse of discretion": Jennings' Appeal, 330 Pa. 154; Perelman v. Yeadon Borough Board of Adjustment, 144 Pa. Superior Ct. 5.

The basic problem before us is to determine whether the proposed use as a funeral establishment is an "accessory use" within the meaning of section 3 of the Zoning Ordinance which is as follows:

"*Accessory Use*—A use, not otherwise contrary to law, customarily incident to the use of a building for dwelling purposes and including:

"(1) The office or studio of a physician or surgeon, dentist, artist, musician, lawyer, architect, teacher, real estate agent or other like professional person, residing on the premises.

"(2) Workshops not conducted for profit.

"(3) Customary home occupations such as millinery, dressmaking and hairdressing, conducted by a person residing on the premises."

There appears to be no appellate court decision which will aid us in determining whether appellant is to be regarded as a professional person for this purpose. Several of the lower courts have, however, been faced with the problem, but we find no uniformity in their decisions.

In Hewlett v. Zoning Board of Adjustment, 8 D. & C. 2d 75, President Judge Kun arrived at the con-

clusion that a funeral director was not a professional person. It was conceded in that case that an examination of various dictionary definitions of "profession" and "professional" reveals that the terms may be employed in many different senses. The court said:

"In a broad sense these terms apply to all persons who profess to have special knowledge and who deal primarily in services, as distinguished from occupations of a mercantile or manual nature. In the narrow sense these terms refer to what were once considered the only professions and are now frequently referred to as the 'learned professions', namely, theology, medicine and law."

Our learned brother in the Hewlett case adopted what we regard as the classic definition, that the ordinance had reference to theology, medicine and law. We note that in the Philadelphia ordinance, however, the complete phrase is as follows: ". . . . physician, dentist or other professional person." It is immediately apparent that this provision is more restrictive than the Allentown ordinance which names additional professions.

In the case of Paxtang Board of Adjustment v. Arnold, 8 D. & C. 2d 98, the ordinance permitted "a professional office or studio provided that said office is located in a dwelling . . . and, further provided, that no goods, wares, or merchandise are publicly displayed or sold on the premises, and no sign or advertisement is shown other than the name and occupation of the person using the office."

Judge Kreider adopted the view that the word "profession" connotes something more than an occupation followed by a skilled artisan and relied in part upon the Funeral Director Law of January 14, 1952, P. L. 1898, 63 PS §479.1. Referring to this statute he said:

"It appears that one of the purposes of the act is to clarify the definition of 'funeral director' so as to include his practice among the various professions. This view is strengthened by contrasting the definition of 'funeral director' in the Funeral Directors Law with that of 'undertaker' in the Undertakers Act of June 10, 1931, P. L. 485. The latter provides in section 1(a): 'The word "undertaker" shall include any person engaged in the *business* or profession of undertaking, or the care, embalming, disposition or burial of the bodies of deceased persons. . . .' *It is significant that the term 'business' does not appear in the definition of 'funeral director' in section 2 (1) of the Funeral Directors Law, supra.*"

We take the position that the Funeral Director Law is of little aid in defining the term in the controversy before us. That act was passed subsequent to the effective date of the ordinance in question and consequently it can have no retroactive effect. We choose, rather, to base our conclusion upon the language of United States v. Laws, 163 U. S. 258, (cited with approval in Howard v. Gehman, 365 Pa. 50), where the court held as follows:

"In the Century Dictionary the definition of the word 'profession' is given, among others, as 'A vocation in which a professed knowledge of some department of science or learning is used by its practical application to the affairs of others, either in advising, guiding, or teaching them, or in serving their interests or welfare in the practice of an art founded on it. Formerly, theology, law, and medicine were specifically known as *the professions;* but as the applications of science and learning are extended to other departments of affairs, other vocations also receive the name. The word implies professed attainments in special knowledge as distinguished from mere skill. A practical dealing with affairs as distinguished from mere

study or investigation; and an application of such knowledge to uses for others as a vocation, as distinguished from its pursuit for its own purposes.' "

Judge Satterthwaite in Leaver v. Buckingham Township Board of Adjustment, 10 D. & C. 2d 333, referring to this definition made the following observation with which we are in accord: "We believe that the highly specialized functions of a funeral director can reasonably be said to be within this broad definition in view of the comprehensive training, knowledge and experience involved, under the licensing requirements not only of the present act of 1951, supra, but also under prior legislation, as well as the peculiarly intimate, personal and confidential nature of the indispensable services performed."

In Hampton v. Norristown Board of Adjustment, 72 D. & C. 270, decided before the enactment of the Funeral Director Law, the court concluded that a mortician was not a professional person and based its decision solely on cases decided in other states. However, it is apparent that the basic problem in that case concerned a variance and the question of the status of an undertaker was a collateral issue.

It is true that the work of an undertaker entails some features of the conduct of a business and, admittedly, the Funeral Director Law uses the term "business." However, we believe that the business features are incidental to the basic skills involved even as there are business incidents attached to the practice of medicine and administrative functions in the work of a clergyman.

The appellee contends that the holding in Bonasi v. Haverford Township Board of Adjustment, 382 Pa. 307, should govern this case. There the court rejected the contention that the operation of a beauty shop by a licensed hairdresser and beautician constituted an accessory professional use permitted in a resi-

dential district. However, there the ordinance in question specifically defined business districts as including personal service shops such as beauty parlors and, consequently, it did not become necessary to define the terms "profession" or "professional office." The Allentown ordinance does not include undertakers in its provisions regarding business districts.

Appellant proposes to reside in the premises in question. His testimony clearly demonstrates that his present facilities are too small for *residential* purposes and for the carrying on of his undertaking activities. We cannot find in the record support for appellee's argument that the use of this dwelling is not an incidental use as required by the ordinance. That appellant regards the building as a residential dwelling is further demonstrated by the fact that he does not intend to display coffins on the premises.

The words "office or studio" are not defined in the ordinance. However, since we believe that a reasonable interpretation of the ordinance requires us to find that appellant is a professional person and that he is entitled to carry on the usual activities of an undertaker in the dwelling, it is unimportant that his facilities are otherwise designated by name. See Leaver v. Buckingham Township Board of Adjustment, supra.

In sustaining this appeal, we call attention to the provision of section (3) which prohibits advertising except a small professional name plate or announcement sign.

### Order

And now, October 7, 1957, the within appeal is sustained, and the decision of the board of adjustment is reversed. The permit applied for shall be issued on the condition that there be no commercial display of caskets.