Bonasi, Appellant, *v.* Haverford Township Board of Adjustment.

308

Argued April 20, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and AR-NOLD, JJ.

*Claude O. Lanciano*, with him *Mervyn R. Turk*, for appellants.

*Raymond E. Larson*, for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, June 27, 1955:

The question presented by the appeal is whether under a zoning ordinance the operation of a beauty shop in a residential classification constitutes an ac-

cessory *professional* use. The court below decided that it did not.

Appellants, Frank A. Bonasi and Delia C., his wife, are owners of a three story semi-detached dwelling located at 2813 Haverford Road, Ardmore, Haverford Township, Delaware County. The property is in a neighborhood zoned "B" Residential.

Delia C. Bonasi, the wife, is a hairdresser and beautician. She holds a certificate as a beauty culture operator issued by the State Board of Cosmetology of the Department of Public Instruction. She also is a holder of a certificate of registration as the owner of a *beauty shop* at this address. Mrs. Bonasi has been conducting a beauty salon in a room in the basement of the residence, rendering services to customers during the day and night. The shop is equipped with dryers, permanent wave machine, manicure table, plumbing and various types of chairs.

The Township Building Inspector notified appellants that the premises were being used contrary to the applicable Zoning Ordinance and ordered the discontinuance of its use as a beauty shop. Appellants appealed to the Board of Adjustment which dismissed the appeal.

The applicable Zoning Ordinance is No. 785 of May 2, 1949, which amended Ordinance No. 260 of July 29, 1925. Under its terms structures or lots in "B" Residence Districts may be used or occupied for any use permitted in "AA" Residence Districts which, under Section 301, provides for single-family detached dwellings with, under subsection 8, an "accessory use . . . [which] shall *not* include a *business use* but shall include: . . . (b) *professional office.*" (Italics supplied)

Appellants contend that the wife's operation of a beauty shop or salon, in connection with her services as a licensed hairdresser and beautician, constitutes

the practice of a *"profession"* and hence she is using the property as a *"professional office"*.

The learned court below, after considerable research and consideration, discussed the pivotal question of whether or not the vocation of a hairdresser and beautician constitutes the practice of a profession. The Ordinance, it is true, does not define the terms *"profession"* or "professional office". But in judicially construing the enactment in question we are not concerned with abstract or theoretical definitions. We are required to "construe" the meaning of the words employed *as intended, used in, and evidenced by the Ordinance.* It is a principle of statutory construction that in construing a legislative enactment the court must ascertain and give effect to the *legislative intention* as expressed in the language employed: Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §533, 551, 552. In *Sterling v. Philadelphia*, 378 Pa. 538, 106 A. 2d 793, Chief Justice STERN said (p. 542) : "A legislative body may, in a statute or ordinance, furnish its own definitions of words and phrases used therein in order to guide and direct judicial determination of the intendments of the legislation although such definitions may be different from ordinary usage; it may create its own dictionary to be applied to the particular law or ordinance in question." See also *Hughes v. Pittsburgh*, 379 Pa. 145, 108 A. 2d 698.

A reading of the Zoning Ordinance makes it crystal clear that the term "professional office", *as used in the enactment in relation to "B" Residence Districts,* was not intended to include a *beauty shop.* The Ordinance, in Article XII, H *Business Districts,* section 1201 (4), provides for *"Personal service shop,* tailor, barber, *beauty,* shoe repair, dress making shop and other personal service shop or store". (Italics supplied) Since the use of a beauty shop, described *inter alia* as a "per-

sonal service shop", is specifically permitted as a *business use*, it is inconceivable that a similar use was intended as an accessory professional use in a "B" Residence District. It is plain that the Ordinance did not so intend.

Appellants' other contentions do not merit discussion.

Order affirmed at cost of appellants.