# Gold *v.* Zoning Board of Adjustment (et al., Appellant).

Argued May 28, 1958. Before JONES, C. J., BELL, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

402

*Levy Anderson,* First Deputy City Solicitor, with him *Gordon Cavanaugh* and *Leonard L. Ettinger,* Assistant City Solicitors, *James L. Stern,* Deputy City Solicitor, and *David Berger,* City Solicitor, for appellant.

*Reuben Singer* with him *John R. Meade,* and *Meade & Singer,* for appellees.

OPINION BY MR. JUSTICE ARNOLD, June 30, 1958:

The City of Philadelphia appeals from the order of the Court of Common Pleas of Philadelphia County, which reversed the Zoning Board of Adjustment in its decision refusing appellees, owners by the entirety, a permit allowing appellee, Samuel Gold, to conduct a barber shop in the basement of his home. Appellee had been refused such permit on a prior application, but had not appealed from the board's refusal.

Appellee's home is in a district zoned "D" residential, wherein no commercial uses are permitted. However, the zoning regulations do permit "accessory uses," as to which Section 14-216 (1) of the zoning code declares: "The accessory uses . . . shall include such uses as are customary *and* incident to any permitted use, not involving the conduct of a business, but may include

. . . home occupations engaged in by occupants of a dwelling." It is further provided that a home occupation is "any lawful occupation *customarily* conducted in a dwelling as an *incidental* use." (Italics supplied).

The sole basis for grant of the permit to the appellee would be that he is entitled to a variance, or that the conduct of a barber shop constitutes an occupation "customarily conducted in a dwelling as an incidental use." The only evidence in the case is that presented to the zoning board, the court below having taken no additional testimony. Appellee's only basis for the grant of a permit was that he had been a barber for some 40 years, that he is too ill to work for others, and that he intends to have only one chair and perform services by appointment only. It was also asserted that he did not intend to display any signs.

It is crystal clear that appellee did not sustain the burden resting on him to establish his right to a variance. The zoning restrictions against commercial use of his property were in effect when he purchased the dwelling; and he has not established unnecessary hardship, which it was his duty to do before he could become entitled to a variance: *Volpe Appeal,* 384 Pa. 374, 378, 121 A. 2d 97. " 'Nothing less than a showing of hardship special and peculiar to the *applicant's property* will empower the board to allow a variance.' ": *Michener Appeal,* 382 Pa. 401, 115 A. 2d 367. It is established, therefore, that variances may be granted only where the *property,* not the person, is subjected to hardship: *Richman v. Zoning Board of Adjustment,* 391 Pa. 254, 260, 137 A. 2d 280. It is indeed unfortunate that appellee's physical condition prevents his working for others, but such is not the hardship forming a basis for variance.

Whether this is a use *"customarily* conducted" in a dwelling as an incidental use has not heretofore been

determined by this Court.[1]  It is to be noted that the use must not only be "incidental" to, but must also be "customarily conducted" in, a dwelling.  Thus, that it might be incidental to his living in the home is not sufficient, and merely because he would have only one chair, operate only by appointment, or display no signs, would not determine the matter.  A practical and sensible approach to the question leaves no doubt that this is not a customary use of a dwelling, such as sewing or cooking might be.  Barbering is a commercial use, and not ordinarily or customarily conducted in a home. It is a business ordinarily conducted in a business shop or building.  In fact, the instant zoning regulations and others designate it as such commercial use in setting up regulations.  Moreover, appellee submitted no evidence to establish that his intended use was one customarily conducted in dwellings.  We find no basis for a grant of his permit, and thus no abuse of discretion or error of law in the board's refusal of the permit. Cf. *Bonasi v. Board of Adjustment*, 382 Pa. 307, 115 A. 2d 225.

The order of the court below is reversed at the cost of the appellees, and the record is remanded for the entry of an order consonant with this opinion.

---

[1] In a prior case, however, the Court of Common Pleas of Philadelphia County had determined that it was not a customary use entitling an applicant to a permit: *Taddeo v. Zoning Board of Adjustment*, 3 Pa. D. & C. 2d 454.