## In re Bethlehem Township

*Bernard V. O'Hare, Jr.*, for township.
*Jerome E. Brose*, for objectors.

PALMER, J., October 24, 1962.—This matter is before the court en banc upon a rule to show cause why an order of Palmer, J., dated September 17, 1962, should not be "declared illegal and invalid, rescinded and set aside."

The order complained of directed the County Board of Elections to place upon the ballot in Bethlehem Township at the November 6th election the question whether the township should become a township of the first class. The rule was allowed on October 4, 1962, returnable for argument before the court en banc on October 22, 1962. On the latter date, we heard oral argument. We have also read the briefs and studied the applicable law and are of the unanimous opinion the order of September 17, 1962, must remain in full force and effect.

The problem presented is a narrow one, involving the "90 day" provision contained in section 207 of The First Class Township Code of May 27, 1949, P. L. 1955 (53 PS §55207).

To put the question in perspective, it is to be noted that, as the result of the 1960 United States Census, the Northampton County Board of Commissioners on August 30, 1961, certified to the supervisors of Bethlehem Township, a township of the second class, their "ascertainment" that the township had a population in excess of 300 inhabitants to the square mile, in accordance with the provisions of section 206 of The First Class Township Code (53 PS §55206). Thereafter, on September 17, 1962, 50 days before the election of November 6, a petition, purporting to contain the names of more than five percentum of the registered voters of the township was presented to Palmer, J., together with an order directing the County Board of Elections to place upon the ballot at the November 6 election in the township, the question whether the township should become a township of the first class. The court, on the same day, entered the order prayed for.

The question for our determination is whether section 207 of The First Class Township Code requires such petitions to be filed in the quarter sessions court

at least 90 days before the election in which the voters of the township shall consider the question of whether the township shall become a township of the first class, or whether the 90 day provision refers only to the ascertainment of the requisite population in the township.

Section 207 provides:

"At the first general or municipal election occurring at least ninety days after the ascertainment, by special enrollment or from the last preceding United States census, that any township of the second class has a population of at least three hundred inhabitants to the square mile, and after a petition signed by at least five per centum of the registered voters of the township has been filed in the quarter sessions court, the question whether such township of the second class shall become a township of the first class shall be submitted to the voters of the township, and the county board of elections shall cause to be printed on separate ballots, to be used in such township at such election, a proper question framed in accordance with the Pennsylvania Election Code."

It is clear from the wording of this section that the 90 day provision refers only to the ascertainment of the population and not to the filing of the petition. Had the Legislature intended otherwise, it readily could have so provided and it is not our function to add provisions or words to statutes. Where the language of an act is clear and free from ambiguity the courts may not disregard or change it: Commonwealth v. Harrison, 183 Pa. Superior Ct. 133. "It is a principle of statutory construction that in construing a legislative enactment the court must ascertain and give effect to the legislative intention as expressed in the language employed": Bonasi v. Haverford Township Board of Adjustment, 382 Pa. 307, 310. "When the words of a law

are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit": Article IV, sec. 51, Statutory Construction Act of May 28, 1937, P. L. 1019 (46 PS §551).

Since section 207 of the First Class Township Code is clear and free from ambiguity, we are not required to ascertain the intention of the Legislature in enacting it by the use of the aids set forth in the Statutory Construction Act for determining such intent in those cases where a statute is unclear or ambiguous. One of these aids is "the former law, if any, including other laws upon the same or similar subjects". A perusal of the prior law with respect to section 207 bolsters our interpretation of this section. By its title, The First Class Township Code was designed to "reenact, amend and revise the Act of June 24, 1931, P. L. 1206", which in turn had been amended by the Act of July 24, 1941, P. L. 502. Section 207 of the Act of 1931, which is the predecessor of section 207 of The First Class Township Code of 1949, contained no provision for the presentation of a petition by registered voters of the township involved in order for the question of a change in township status to be voted upon. It did, however, contain the 90 day provision with respect to the population ascertainment. The amendment to this section contained in the Act of 1941 inserted for the first time the requirement of a petition to be filed by at least five per centum of the registered voters of the township.

This amendment was included in section 207 of The First Class Township Code of 1949. The 90 day provision in the Act of 1931 referred only to the population ascertainment. From the language of the amendment contained in the Act of 1941, it is clear the 90 day provision was not extended to include the new clause with respect to the filing of a petition by a minimum number of registered voters. Neither did the code of 1949 make such an extension.

For these reasons, the rule to show cause must be dismissed and discharged.

*Order of the Court en Banc*

And now, October 24, 1962, the rule to show cause why the order of Palmer, J., dated September 17, 1962, directing the County Board of Elections to place upon the ballot at the next general or municipal election in the township of Bethlehem a question concerning whether said township should become a township of the first class should not be declared illegal and invalid, rescinded and set aside, is denied and discharged and the said County Board of Elections is hereby directed to comply with said order of September 17, 1962.