Ridley Township *v.* Pronesti, Appellant.

Argued April 22, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*C. Norwood Wherry,* for appellants.

*R. Paul Lessy,* with him *Paul R. Duke,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, August 6, 1968:

Appellant, Romana Pronesti, is the owner of a dwelling house located in an area zoned "B" Residential under the Ridley Township zoning ordinance. Her son, Vincent Pronesti, the other appellant, resides in his mother's home and is licensed by the Commonwealth as a real estate broker. Vincent commenced the operation of a real estate broker's office in the home and erected a sign on the premises to that effect. The township, contending that such a use was not permitted in a "B" Residential district, commenced an action in equity seeking to enjoin the operation. Vin-

cent has not actively engaged in the real estate business since service of the complaint, but intends to resume his operation on the premises should this litigation terminate favorably.

The pertinent section of the zoning ordinance permits, inter alia, single family detached dwellings in "B" Residential districts. In addition, the ordinance allows accessory uses "customarily incidental" to any of the permitted uses. By way of amplification, the ordinance provides that such "customarily incidental" uses "shall be understood to include the professional office or studio of a doctor, dentist, masseur, teacher, artist, architect, musician, lawyer, magistrate or practitioner of a similar character, or rooms used for home occupations, including dressmaking, millinery, laundry or similar handicrafts; PROVIDED, the office, studio or occupational room is located in a dwelling in which the practitioner resides, or in a building accessory thereto; . . .".

The chancellor heard the testimony and made an adjudication and decree nisi in which he enjoined Vincent from maintaining and operating a real estate office on the premises and his mother from permitting such an operation. The chancellor's decree nisi was based solely on his conclusion that only the owner of the dwelling could conduct a permitted accessory business and Vincent, not being the owner, was not entitled to an accessory use. Both sides filed exceptions and the court en banc adopted the chancellor's findings of fact, dismissed the exceptions and entered a final decree enjoining Vincent's operation and his mother's permitting him to operate; this appeal followed.

The court en banc did not consider the question of ownership of the property, holding that the language of the ordinance excludes the operation of a real estate office in the district, irrespective of whether conducted by the owner of the residential structure or some other

resident.[1]  Appellants contend that this procedure by the court en banc constitutes error.  They argue that the court en banc adopted the chancellor's findings of fact but then reached a conclusion on a different ground "without making a new finding or conclusion or pointing to any evidence in the record which could offer support to such new finding or conclusion of law".

In *Taylor v. Churchill V. Country Club*, 425 Pa. 266, 228 A. 2d 768 (1967), we quoted with approval the language of *Sherwood v. Elgart*, 383 Pa. 110, 117 A. 2d 899 (1955) that ". . . a correct decision will be sustained if it can be sustained for any reason whatsoever; in other words we will not reverse in such a case even though the reason given by the court below to sustain its decision was erroneous;".  We were there considering, of course, our review of the decision of the court below.  The same rationale, however, applies to the disposition of exceptions to an adjudication by a court en banc.  Where the findings of the chancellor, supported by the evidence, make possible conclusions of law differing from his, there is no logical reason why the court en banc may not reach them.  Nor is there any reason why the court en banc may not reach the same result as the chancellor by a wholly different route, provided the factual situation found by the chancellor and approved by the court en banc provides the necessary paving blocks for that route.

Here, the chancellor found all of the facts necessary for a determination that Vincent's operation was forbidden by the ordinance.  The adjudication found as

---

[1] Nor do we reach the question of ownership. We cannot, however, help but observe that even the township did not raise such an issue. In its complaint, the township alleged that Vincent did not reside in the subject premises. An amendment to the complaint, however, conceded his residence there and there appears to be no dispute, or room for dispute under the language of the ordinance, that residence, not ownership, governs.

facts the location of the premises and the language of the ordinance, all that was necessary for a determination of the legal issue. We agree with the court below that: "In order to come within the clear meaning of the quoted sections, the use in question must be '. . . the professional office or studio of a doctor, dentist, masseur, teacher, artist, architect, musician, lawyer, magistrate or practitioner of a similar character, or rooms used for home occupations, including dressmaking, millinery, laundry or similar handicrafts . . .' with the further limitation that the use be 'customarily incidental' to the permitted use of 'Single family detached dwelling.' The specific enumeration of permitted uses does not include a real estate office. Nor is such use a 'handicraft.' If use as a real estate office is permitted at all, it must be either as a 'practitioner of a similar character' or a 'home occupation.' Both possibilities, however, are limited to uses 'customarily incidental' to a single family detached dwelling. Defendants' contention falls; real estate offices are not customarily incidental to single family, detached dwellings, but are rather a commercial use not ordinarily conducted in a home (in this case, permitted by the Zoning Ordinance in 'A' and 'B' Business Districts)."

Appellants further contend that the township has permitted similar uses in the past and is therefore estopped to deny such a use to them. They produced evidence at trial to show existing violations of the accessory use provisions of the ordinance. In one such instance, the office clearly constituted a legal prior nonconforming use. In another, the operator had moved his operation to a neighboring municipality when informed by township officials of his violation. In at least 2 other instances, the township attempted to explain why those violations were allowed to exist, one having been created under a mistake of law and the other an at-

tempt to accommodate a widow's efforts to support her children. Even eliminating these, however, there exist in the township violations identical or similar to that which the township here seeks to enjoin.

Appellants cite *Yick Wo v. Hopkins,* 118 U.S. 356 (1886) in support of their position. That case deals with conscious discrimination in the enforcement of an ordinance, an evil not shown to exist here. In the case at bar, we clearly have a failure of enforcement of the ordinance with uniform rigidity, but nowhere does there appear even a hint of the arbitrary discrimination which vitiated the *Yick Wo* ordinance. Our conclusion in *Valicenti's Appeal,* 298 Pa. 276, 148 Atl. 308 (1929) is here apposite. We there held that "The validity of the ordinance does not usually depend on a completely successful enforcement of its provisions, nor can one who violates it be discharged, merely because it is shown that there are other violators who have not been convicted, or that those whose duty it is to perform the duties required by it have fallen short, through inattention or intentional omission or neglect."

Since the ordinance does not permit a real estate office in the district and since such an office is not a proper accessory use to a private residence, under the terms of the ordinance, and rejecting appellants' estoppel argument and contention relative to the procedure of the court en banc, we have no option but to affirm the decree of the court below.

Decree affirmed, each party to bear own costs.

Mr. Chief Justice BELL and Mr. Justice ROBERTS dissent.