## Szmigiel *v.* Zoning Board of Adjustment.

Argued October 4, 1972, before President Judge
Bowman and Judges Crumlish, Jr., Kramer, Wilkin-
son, Jr., Mencer, Rogers and Blatt.

*Leonard Sarner,* with him *Sarner, Cooper & Stein,*
for appellant.

*James M. Penny, Jr.,* Assistant City Solicitor, with
him *John Mattioni,* Deputy City Solicitor, and *Martin
Weinberg,* City Solicitor, for appellee.

Opinion by Judge Mencer, December 8, 1972:

Alfred Szmigiel (Szmigiel) appeals from the or-
der of the Court of Common Pleas of Philadelphia
County which affirmed the Zoning Board of Adjust-

ment (Board) in its decision refusing Szmigiel either a variance permit or a certificate for a home occupation to conduct a printing business in the basement of his home at 4716 Marple Street, Philadelphia.

Szmigiel's home is in a district classified R-9 Residential where, under the Philadelphia Code of General Ordinances §14-210(1), a printing business use is not permitted. The subject premises is located on a block of row houses, none of which is commercial in any aspect. However, Code §14-203(2)(e) does permit "Home occupations, customarily and traditionally conducted in a dwelling as an incidental use" subject to certain limitations and restrictions.

It is contended that Szmigiel's use of a portion of his home as a small print shop meets the qualification that it is customarily and traditionally conducted in a dwelling, especially because Szmigiel is physically handicapped and prevented from conducting the shop in a commercial establishment, and because Szmigiel and his wife have conducted a part-time printing business at this location for the past 31 years.* It is further contended that:

"Plaintiff uses two multilith machines which are driven by one-third horse power motors, similar to the motors which operate a home washer or dryer. The only other equipment used are a hand operated paper cutter and a small box used for etching multilith plates similar to a photograph developer with non-noxious and non-odorous chemicals.

"The multilith machines are both mounted on sound absorbing bases and the size of the paper they take is

---

* Nonconforming use status is not claimed by Szmigiel and clearly is not merited by the facts. The R-9 Residential classification here was preceded by a D-Residential classification which applied to the property as of 1933, before commencement of the printing business, and which also forbade such a commercial use.

limited to 10 by 15 inches. There are no employees and all of the work is done by Plaintiff and his wife. The printing is done on a part-time basis because Plaintiff is a long-time diabetic patient with leg circulation problems and cannot work for more than two hours at a time, requiring frequent rest periods in bed. Plaintiff's hours of work are always between 9:00 A.M. and 10 P.M., and the multilith machines cannot even be heard on the first floor when they operate in the basement.

"So far as deliveries are concerned, paper and supplies are brought in by a station wagon on the rear driveway about four times a year. Deliveries to Plaintiff's customers are made with his station wagon, also from the rear driveway. There are rarely more than two such deliveries a week during the few months of operation. Plaintiff's major customer is the Levin-Sarner-Brown Law Review course for whom he prints the legal digests used in that course. This constitutes about 95% of his business. He also prints some letterheads, envelopes and small forms for his doctor and his pharmacist.

"There is no sign on the premises and Plaintiff does not advertise in the phone book or by any other method. The amount of space consumed in the basement for the entire operation is less than 250 square feet. Plaintiff's property is halfway between Edmund Street and Torresdale Avenue, both of which contain many commercial and industrial establishments. Many of Plaintiff's neighbors appeared in person and by petition favoring the grant of the zoning permit requested."

On the other hand, at a public hearing before the Board, testimony was received that Szmigiel's garage was recently closed up and used for storage of supplies and equipment. Three neighboring residents stated that they were bothered by the noise of the printing ma-

chines. An adjoining neighbor stated that the machines were extremely noisy, vibrated her dwelling, and interfered with television reception. Other testimony contradicted Szmigiel's averments as to the frequency of deliveries, the size and number of machines, and the hours of operation.

It is well settled that where, as here, the lower court does not take additional testimony on appeal from the zoning board, but rather relies entirely on the record compiled before the board, the scope of our review is limited to a determination of whether or not the board committed an abuse of discretion or an error of law. *Filanowski v. Zoning Board of Adjustment*, 439 Pa. 360, 266 A. 2d 670 (1970); *Pyzdrowski v. Pittsburgh Board of Adjustment*, 437 Pa. 481, 263 A. 2d 426 (1970). We must conclude that there was neither an abuse of discretion nor an error of law in the Board's conclusion that the Szmigiel's printing business did not qualify as a "home occupation." As the Supreme Court said in *Gold v. Zoning Board of Adjustment*, 393 Pa. 401, 403-4, 143 A. 2d 59, 60 (1958), where a handicapped Philadelphia resident residing in an area zoned D-Residential wished to conduct a barber shop in his basement: "Whether this is a use *'customarily* conducted' in a dwelling as an incidental use . . . [i]t is to be noted that the use must not only be 'incidental' to, but must also be 'customarily conducted' in, a dwelling. Thus, that it might be incidental to his living in the home is not sufficient . . . . A practical and sensible approach to the question leaves no doubt that this is not a customary use of a dwelling, such as sewing or cooking might be. Barbering is a commercial use, and not ordinarily or customarily conducted in a home. It is a business ordinarily conducted in a business shop or building . . . . Moreover, appellee submitted no evidence to establish that his intended use was one cus-

tomarily conducted in dwellings. We find no basis for a grant of his permit, and thus no abuse of discretion or error of law in the board's refusal of the permit."

"Moreover, to hold that there is a distinction between barber shops and [printing businesses] in view of their essential commercial characteristics is to indulge in gossamer-like distinctions that would do violence to the zoning regulations." *Boreth v. Philadelphia Zoning Board of Adjustment,* 396 Pa. 82, 86, 151 A. 2d 474, 476 (1959); see also Annot., 73 A.L.R. 2d 439 (1960).

Nor did Szmigiel sustain his burden to establish his right to a variance. Again, as the Supreme Court said in *Gold, supra*: "[H]e has not established unnecessary hardship, which it was his duty to do before he could become entitled to a variance. ' "Nothing less than a showing of hardship special and peculiar to the *applicant's property* will empower the board to allow a variance." ' It is established, therefore, that variances may be granted only where the *property,* not the person, is subjected to hardship. It is indeed unfortunate that appellee's physical condition prevents his working for others, but such is not the hardship forming a basis for variance." 393 Pa. at 403, 143 A. 2d at 60 (citations omitted).

Affirmed.