Quino and Violet Perez, Appellants, v. Borough of Kennett Square, Chester County, Appellee.

Submitted on briefs, April 4, 1975, to Judges CRUM-LISH, JR., MENCER and ROGERS, sitting as a panel of three.

*William J. Gallagher*, with him *Ross A. Unruh* and *MacElree, Platt, Harvey & Gallagher, Ltd.* for appellants.

*John R. Merrick*, for appellee.

OPINION BY JUDGE ROGERS, April 17, 1975:

Quino Perez and Violet Perez, his wife, appeal from an order of the Court of Common Pleas of Chester County, affirming a decision of the Zoning Hearing Board of the Borough of Kennett Square dismissing the appellants' appeal from a cease and desist order issued by the borough zoning officer.

The appellants purchased a residence and lot located in the R-2 residence district of the Kennett Square Zoning ordinance in 1969. In 1973, after having enlarged the basement garage of the residence, the appellants went into the business of repairing automobiles at their dwelling house. The cease and desist order directed them to stop using their premises for this business activity.

Lands and buildings located in the R-2 Zoning district of Kennett Square may be used only for single family residential and, by special exception, for church and recreational purposes. Home occupations are, however, permitted by Section 610.1 of the ordinance, which reads as follows:

"In residential districts all dwelling units with direct access to a public street, except apartment units, may be used for the practice of home occupations.

"The practice of an occupation shall be permitted, provided that the principal person so employed is a resident of the dwelling unit. *Such occupations shall be incidental or secondary to the use of the property as a residence and are limited to those occupations customarily conducted within a dwelling unit.*" (Emphasis supplied.)

Section 601.2, which immediately follows, establishes standards for permitted home occupations one of which, relied on by the appellants, is that "[n]o manufacturing, repairing or other mechanical work shall be performed in any open area."

In *Gold v. Zoning Board of Adjustment*, 393 Pa. 401, 143 A.2d 59 (1958), our Supreme Court held that barbering was not an activity customarily conducted in a dwelling house, but a commercial use not permitted as a home occupation. In *Boreth v. Philadelphia Zoning Board of Adjustment*, 396 Pa. 82, 151 A.2d 474 (1959), our Supreme Court held that the operation of a beauty shop in the basement of a premises was neither an incidental nor a customary use of a dwelling. In *Szmigiel v. Zoning Board of Adjustment,* 6 Pa. Commonwealth Ct. 632, 298 A. 2d 629 (1972), this court held that a printing business conducted by a physically handicapped resident did not qualify as a home occupation. Perforce, the conduct of a public garage business in a private dwelling house is a use neither incidental to nor customarily carried on in a private residence.[1]

---

1. The Kennett Square ordinance defines a public garage as "A building, not a private garage, used for the repair or servicing of motor vehicles owned and used by persons other than the owner or tenant of the premises for the storage of more than two (2) motor vehicles owned and used by persons other than the owner

428

The appellants contend that, notwithstanding the provision of Section 610.1 that home occupations are those customarily conducted within a dwelling unit, the negative standard that no repairing or other mechanical work shall be performed in any open area suggests a legislative intention to permit the conduct of a public garage business as a home occupation. The argument lacks substance. The standard relied on represents a limitation on home occupations permitted by Section 610.1, not an extension of the definition of home occupations to include activities not customarily conducted in a dwelling house.

Affirmed.

---

or tenant of the premises." The appellants' activities at their basement garage described in the record clearly fall within this definition.