Maria C. Good and Joseph Good, Appellants *v.* Zoning Hearing Board of Haverford Township, Appellee.

Argued April 3, 1978, before Judges WILKINSON, JR., BLATT and DiSALLE, sitting as a panel of three.

*Edward A. Savastio,* for appellants.

*Brian S. Quinn,* with him *Edward J. O'Halloran,* and, of counsel, *O'Halloran & Schofield,* for appellees.

OPINION BY JUDGE WILKINSON, JR., May 1, 1978:

This case is before us on appeal from a decision of the Court of Common Pleas of Delaware County affirming the denial by the Zoning Hearing Board (Board) of Haverford Township (Township) of appellants' application for a special exception and/or a variance. We affirm.

Appellants, a husband and wife, own and reside in a home located in an R-2 Low Density Residential zoning district within the Township. This zoning classification basically allows for single family dwellings and some accessory uses. Appellants wish to establish a real estate office in their home for the use of the wife, Maria Good, who is a licensed real estate broker. This usage would not necessitate any structural change in either the interior or the exterior of the home, since the previous owner of the home was a doctor and there is already a two room office located on the first floor. These two rooms occupy almost 12% of the first floor area of the home, and about 6% to 8% of the total area. Mrs. Good did testify that she would employ, at least on a part-time basis, one other person in the home, that person to be either a secretary or a salesman. Mrs. Good further testified that if allowed to open a real estate office in her home, she would not close down her main real estate office. The application of appellants has been strenuously opposed by other residents of the area, many of whom testified at the Board's hearing, and some of whom formally intervened in the case before the lower court.

Appellants first contend that they are entitled to operate a real estate office in their home under the provisions of Section 201.1 B.4 of the Township zon-

ing ordinance, which permits accessory uses in the nature of a professional office. The definition of professional office contained in the ordinance, however, specifically excludes real estate offices, and therefore this contention of appellants must be rejected.

Appellants attempt to avoid this result by arguing that their proposed usage qualifies under the special exception provisions of the Township zoning ordinance. First, they contend that a real estate office is a home occupation as that term is defined in the ordinance.[1] Such a contention was rejected by our Supreme Court in *Ridley Township v. Pronesti*, 431 Pa. 34, 38, 244 A.2d 719, 721 (1968), wherein the Court, quoting the lower court's opinion, stated:

> If use as a real estate office is permitted at all, it must be either as a 'practitioner of a similar character' or a 'home occupation'. Both possibilities, however, are limited to uses 'customarily incidental' to a single family detached dwelling. Defendants' contention falls; real estate offices are not customarily incidental to single family detached dwellings, but are rather a commercial use not ordinarily conducted in a home (in this case, permitted by the Zoning Ordinance in 'A' and 'B' Business Districts).

------

[1] The Haverford Township zoning ordinance defines home occupation as follows:

43. Home Occupation—A use customarily carried on within a dwelling by the inhabitant thereof, which use is incidental and subordinate to the use of the dwelling for living purposes and does not change the character thereof or involve the use of mechanical equipment other than that customarily used for purely domestic or hobby purposes. A home occupation shall not be interpreted to include the following: A barber, beauty shop or hair stylist, and a tea room, tourist home, convalescent home, stable or kennel.

Second, appellants contend they qualify under that special exception provision which allows for professional offices or studios not listed as permitted under Section 201.1 B-Accessory Uses. Accepting this argument would require us to totally ignore the specific exclusion of real estate offices found in Section 201.1 B.4, and therefore we must reject it. We note that it has been held on several occasions that a real estate broker is not a professional, and that a real estate office is not a professional office. *Ridley Township v. Pronesti, supra; Reich v. Reading,* 3 Pa. Commonwealth Ct. 511, 284 A.2d 315 (1971). In addition, since the ordinance in question specifically allows for real estate offices in the commercial zones of the Township, it is doubtful that a similar use was intended to be a permitted accessory use in an R-2 Low Density Residential zoning district. *Bonasi v. Haverford Township Board of Adjustment,* 382 Pa. 307, 115 A.2d 225 (1955).

With respect to appellants' application for a variance, we find the lower court was correct in concluding that there was no evidence presented that enforcement of the ordinance would inflict unnecessary hardship upon the appellants, or that granting the variance would not be contrary to the public's health, safety or welfare. *Alfano v. Zoning Hearing Board,* 14 Pa. Commonwealth Ct. 334, 324 A.2d 851 (1974). Similarly, since real estate offices are a permitted use in commercial areas of the Township, the lower court correctly ruled that the exclusion of a real estate office from an R-2 Low Density Residential zoning district did not violate appellants' right to equal protection. Finally, we need not consider appellants' arguments with respect to the burden of proof for the granting of a special exception, since we have already decided that a real estate office is not a permitted use in an R-2 Low Density Residential zoning district.

Accordingly, we will enter the following

ORDER

AND Now, May 1, 1978, the decision of the Court of Common Pleas of Delaware County, No. 75-7901, dated December 18, 1976, is affirmed.