**George R. Kemp and Ann E. Kemp, his wife *v*. The White Oak Zoning Hearing Board. Borough of White Oak, Appellant.**

Argued May 3, 1982, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Arnold V. Plum*, with him *William Richard Booth*, *Plum & Booth*, for appellant.

*James R. Mall*, with him *James Victor Voss*, *Meyer, Unkovic & Scott*, for appellees.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., December 13, 1982:

The Allegheny County Common Pleas Court reversed a White Oak Zoning Hearing Board's (Board) denial of George and Ann Kemp's special exception application and the Board's conclusion that their requested use was not a permitted accessory use. The Borough of White Oak (Borough) appeals. The Kemps have moved to quash the appeal. We deny the Kemps' Motion to Quash and affirm the common pleas court.

The Kemps, owners of two single-family dwellings on adjoining tracts, applied for a special exception to the Borough's Zoning Ordinance. George Kemp conducts an engineering and architectural business in one of the dwellings and uses the other as his residence. The Board held that his office was not a permitted accessory use[1] under the Ordinance.[2] The court below

---

[1] The permitted accessory use sought in this case was as a professional office or studio. The Board cited *Good v. Haverford Township*, 35 Pa. Commonwealth Ct. 155, 384 A.2d 1374 (1978) (in which this Court ruled that a real estate office was not a professional office) to hold that an engineering and architectural office was not a professional office.

[2] Section 400(8) of the Zoning Ordinance reads as follows:

8. Accessory use of the same lot with and customarily incidental to any of the foregoing permitted uses. The term "accessory use" shall not include a business, but shall include

. . . .

(c) Professional office or studio.

reversed the Board, ruling that an engineering and architectural office is a professional office within the meaning of the Ordinance.

The Kemps argue that the standard recently set in *Gilbert v. Montgomery Township Zoning Hearing Board*, 58 Pa. Commonwealth Ct. 296, 427 A.2d 776 (1981), precludes the Borough from appealing to this Court since they were not a party below to these proceedings. While it is true that in *Gilbert* we concluded that a municipality cannot be a party to an appeal when it was not a party below, the case is to be applied prospectively only.[3] Since this action precedes *Gilbert*,[4] the Kemps' motion is denied.[5]

Now, to the merits: The central issue in this case is whether the Kemps' engineering and architectural office is a professional office within the meaning of the Ordinance. Our scope of review of the trial court in zoning cases where no new evidence is entertained is limited to a determination of whether the Board abused its discretion or committed a legal error. *Appeal of Buckingham Developers Inc.*, 61 Pa. Commonwealth Ct. 408, 433 A.2d 931 (1981). The trial court concluded that the Board legally erred in excluding engineering and architectural offices from the defini-

[3] "This holding shall be applicable only to cases arising out of zoning hearing board decisions issued thirty or more days after the filing of this opinion." *Gilbert v. Montgomery Township Zoning Hearing Board*, 58 Pa. Commonwealth Ct. 296, 302, 427 A.2d 776, 779 (1981).

[4] The *Gilbert* case was decided on April 7, 1981. This case was decided by the Board on December 8, 1980.

[5] Kemp further argues that previous case law supports what *Gilbert* decided. This Court stated in *Gilbert* that prior case law might arguably be read to the contrary. The Court set the *Gilbert* standard because it believed the prior standards to be at least confusing if not in fact wrong. It would be unfair to hold the Borough to standards that may not have even existed at the time this case was appealed.

tion of professional offices under the Ordinance. We agree.

The common pleas court stated that the Board admitted that the professional office definition would include offices of lawyers, doctors and dentists. In construing statutory language, we must apply the common meaning of the language in the statute. 1 Pa. C. S. 1903. "Professional" is defined as one who is "engaged in one of the learned professions or in an occupation requiring a high level of training and proficiency."[6] The court below concluded, and we agree, that engineers and architects are professionals within the meaning of this Ordinance.

Affirmed.

ORDER

George R. and Ann E. Kemp's Motion to Quash the Appeal is denied. The Allegheny County Common Pleas Court order, No. SA 16 of 1981 dated May 6, is affirmed.

---

[6] *Reich v. Reading*, 3 Pa. Commonwealth Ct. 511, 518, 284 A.2d 315, 319 (1971) (per curiam).