William Page *v.* Zoning Hearing Board of Walker Township et al. Township of Walker, Appellant.

590

Submitted on briefs February 2, 1984, to Judges CRAIG, DOYLE and COLINS, sitting as a panel of three.

H. Amos Goodall, Jr., Miller, Kistler & Campbell, Inc., for appellant.

Robert Bruce Manchester, for appellant, Amicus Curiae, Walker Township.

Roy K. Lisko, Delafield, Lisko & McGee, for appellee, Zoning Hearing Board of Walker Township.

OPINION BY JUDGE CRAIG, March 6, 1984:

The Township of Walker, intervenor in the trial court, has filed an appeal in this zoning case from the order of the Court of Common Pleas of Centre County which, reversing a zoning hearing board denial, granted landowner Page's request for a special exception to conduct a motor vehicle repair and in-

spection business in a detached garage on his R-2 Residential Zone dwelling premises, as a "home occupation."

Under the scope of review applicable where, as here, the trial court has taken additional testimony in a zoning case, the determination must be whether or not the trial court abused its discretion or committed an error of law. *Nardozza Zoning Case,* 45 Pa. Commonwealth Ct. 482, 405 A.2d 1020 (1979).

The trial court findings of fact are well stated and well supported by the record. With respect to the special exception request to use the detached residential garage for a vehicle repair business, the findings note that the area is primarily rural in character, not intensively developed, and that various residents, as well as a neighboring farmer, periodically repair their own vehicles and farming equipment on their respective premises.

Therefore the basic question, involving an interpretation of the ordinance's special exception definition, is:

Does the repair and inspection of motor vehicles, to be conducted as a business for the public within a detached garage on dwelling premises within a residential zone by an inhabitant and one outside employee, constitute a "home occupation" under the special exception provision's definition of that term, which begins—

Home Occupation: Any use customarily conducted entirely within a dwelling or in a building accessory thereto and carried on by the inhabitants residing therein,

and concludes with a proviso which reads—

providing that the use is clearly incidental and secondary to the use of the dwelling for dwelling purposes, the use does not occupy an area

greater than 25% of the first floor area, the exterior appearance of the structure or premises is constructed and maintained as a residential dwelling, and no goods are publicly displayed on the premises other than signs as provided herein; including but not limited to the following occupations: the professional practice of medicine, dentistry, architecture, law and engineering; artists, beauticians, barbers and veterinarians excluding stables or kennels; and does not permit the employment of more than two (2) persons not living on the premises.

Walker Township Zoning Ordinance section 302(50).

The applicant has both the persuasion burden and the initial evidence presentation duty to show that a special exception proposal complies with the terms of the ordinance which expressly govern the exception. *Bray v. Zoning Board of Adjustment*, 48 Pa. Commonwealth Ct. 523, 526, 410 A.2d 909, 910 (1980). Here, landowner Page faced the threshold hurdle of establishing that the proposed small business is a home occupation.

Given the content of the proposal, as circumscribed by the trial court's attached conditions, the pivotal point at issue is:

Does a vehicle inspection and repair business of this scope constitute a "use *customarily* conducted entirely within the dwelling or in a building accessory thereto and carried on by the inhabitants residing therein . . . ."? (Emphasis added.)

With respect to home occupations, which most zoning ordinances similarly define as activities "customarily" associated with dwellings, our Pennsylvania decisions have never explicitly indicated whether

zoning hearing boards and courts may simply take notice of general experience as to what business occupations are customary in relation to dwellings, or whether there can be a factual investigation as to what may be customary within a particular community or its region. The appellate opinions on that issue appear to reflect the first approach, taking notice of general experience and understanding. *See Draving v. Lower Southampton Township Zoning Hearing Board,* 40 Pa. Commonwealth Ct. 243, 397 A.2d 54 (1979) (substantial ceramics operation not customary); *Good v. Zoning Hearing Board of Haverford Township,* 35 Pa. Commonwealth Ct. 155, 384 A.2d 1374 (1978) (real estate office not customarily incidental to residence); *Perez v. Borough of Kennett Square,* 18 Pa. Commonwealth Ct. 425, 336 A.2d 437 (1975) (auto repair business in basement of residence not customary); *Szmigiel v. Zoning Board of Adjustment,* 6 Pa. Commonwealth Ct. 632, 298 A.2d 629 (1972) (printing business not a home occupation); *Boreth v. Philadelphia Zoning Board of Adjustment,* 396 Pa. 82, 151 A.2d 474 (1959) (beauty shop in basement not customary); *Gold v. Zoning Board of Adjustment,* 393 Pa. 401, 143 A.2d 59 (1958) (barber shop not customary in a residence).

Of course, any general concept is subject to being detailed by the provisions of the particular ordinance; for example, we note that the Walker Township definition in this case expressly would approve beauticians and barbers, contrary to the ordinances and results in *Boreth* and *Gold.*

With respect to judicial interpretation of the ordinance definition in this case, the trial judge correctly placed no reliance on the illustrative effect of the Walker Township ordinance terms which state that home occupations include, but are not limited to, beau-

tician or barber salons, artist studios, and certain professional offices, including those of veterinarians—the latter to be without stables or kennels. Those salon, studio and office activities clearly do not indicate a classification broad enough to embrace a workplace for servicing vehicles, necessarily involving the use of garage equipment and materials.

The fact that some residents personally perform work on their own vehicles does not prove any pattern of residentially-based repair businesses, doing work for customers, any more than the preparation of meals in private households could be said to prove the existence of a pattern of small restaurants. The decisive point here is that the record contains no evidence that small vehicle repair *businesses* are customarily associated with residences either in Walker Township or generally.

Therefore, the trial court decision could not, and did not, contain any finding of fact that an auto repair business is one customarily associated with residences, so as to qualify as a home occupation. The trial court's express conclusion of law to that effect cannot stand in the face of the *Perez* case, cited above. The fact that the proposed automobile repair was to be conducted in a basement garage of the residence in *Perez*, while the proposal here relates to a detached garage, is not a material distinction; the nature of the activity, not its location, was decisive in *Perez*, and the ordinance here expressly allows the use of an accessory building, outside the dwelling itself. In both cases, the definitions refer to occupations "customarily conducted" on residential premises, but "incidental" and "secondary" to the residential use. The ordinance limitation in *Perez*, as to "repairing," also was not decisive because it was a limitation only as to repairing in any "open" area.

Because there is no factual or legal basis to establish that this proposed use falls within the category of pursuits customarily conducted on residential premises, the decision must be that the trial court erred as a matter of law in so concluding. The order must be reversed.

In view of the decision reached here, there is no need to consider the township's attack upon the trial court's willingness to receive additional evidence, a matter to which the law confers discretion upon the courts of common pleas. Section 1010 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11010.

ORDER

Now, March 6, 1984, the order of the Court of Common Pleas of Centre County, dated March 23, 1983, is reversed, and the decision of the Zoning Hearing Board of the Township of Walker, denying the request for a special exception, is reinstated.

Judge DOYLE dissents.