716 A.2d 600

**ALLEGHENY WEST CIVIC COUNCIL, INC., Michael Coleman and John DeSantis, Appellees,**

v.

**ZONING BOARD OF ADJUSTMENT OF THE CITY OF PITTSBURGH and Michael T. Youchak and Molly McCall, his wife, Appellants.**

Supreme Court of Pennsylvania.

Argued Sept. 16, 1997.

Decided Aug. 18, 1998.

542

W. Timothy Barry, Pittsburgh, for Michael Youchak & Molly McCall.

George R. Specter, Pittsburgh, for Zoning Bd. of Adjustment of the City of Pittsburgh.

William R. Sittig, Pittsburgh, for Allegheny West Civic Council, Inc., Michael Coleman & John DeSantis.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION

ZAPPALA, Justice.

Appellants, Michael T. Youchak and his wife, Molly McCall, appeal the order of the Commonwealth Court reversing the common pleas court's order affirming the decision of the City of Pittsburgh's Zoning Board of Adjustment granting Appellants a special exception and a variance for property located at 932 West North Avenue. For the reasons that follow, we affirm the Commonwealth Court.

On August 25, 1994, Appellants filed an application for a change of occupancy for the foregoing property. The property was zoned in an R–4 District, Multiple Family Residence,[1] and Appellants sought a change of occupancy to a one family dwelling with an engineering business on the first floor as a home occupation.[2] Appellants also sought a variance in order to employ other persons since home occupation, as defined by

---

1. In 1984, in a prior zoning proceeding, variances were granted to change the occupancy of the subject property from a two family structure into a seven-unit multiple-family dwelling. It also permitted the installation of five outdoor parking stalls in the rear yard. Despite these grants, the property has remained unoccupied in excess of 20 years.

2. Section 909.06(b)(8) of the Pittsburgh Zoning Ordinance permits home occupations as a special exception in residential district dwellings as a use:

   [C]arried on in a dwelling unit by the resident thereof as a customary and accessory use, provided:

   A. In connection therewith, there is no person employed, no display, no sign other than such identification sign as is permitted for the dwelling unit, no mechanical equipment used other than normal domestic or household equipment, and no selling of a commodity or nonprofessional service on the premises;

   B. The use does not require internal or external alterations or involve construction features not customary in dwellings; and

   C. Reasonable safeguards are established against possible detriment to neighboring properties through emission of smoke, fumes, odors, dust, noise, vibration or glaring light.

the zoning ordinance, does not permit employees. The zoning administrator denied Appellants' application and a hearing was scheduled before the Board. Appellees, Allegheny West Civic Counsel, Inc., Michael Coleman, and John DeSantis, appeared at the hearing in opposition to the requested occupancy change.

Following the hearing, the Board found the proposed use of the property to be consistent with the neighborhood, as there is currently minimal residential use on the street. The Board noted in its findings that there are commercial and industrial uses in the immediate vicinity of Appellants' property. Based on its findings, the Board concluded that Appellants met all but one of the requirements for the grant of a special exception for their proposed home occupation, i.e., that "there is no person employed." Accordingly, the Board analyzed whether Appellants were entitled to a variance as to this condition.

The Board relied on our decision in *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983), where we reversed the Commonwealth Court's decision reversing the zoning board's grant of a use variance to a property owner who sought approval to change her existing three-story structure into a take-out shop on the first floor with a residence on the second and third floors. The variance grant was based on the zoning board's finding that the property was "virtually surrounded by dissimilar and disharmonious commercial and industrial uses which rendered it virtually impossible to use the site for residential purposes." *Id.* at 558, 462 A.2d at 641.

Here, the Board concluded, based on *Valley View*, that Appellants were entitled to the grant of a variance.[3] The court of common pleas, without taking additional evidence, affirmed the Board's decision. The Commonwealth Court reversed, concluding that both the grant of the special exception and variance was improper.

**3.** The Board conditioned its grant of a special exception on Appellants' procuring one off-street parking space for each of its proposed employees.

Specifically, Appellees raised the following two issues before the Commonwealth Court: whether the Board erred in concluding that the proposed engineering business is a home occupation as defined in the zoning ordinance and whether there was sufficient evidence to meet the requirements for a variance. Slip op. at 6. The court held that the Board erred in granting Appellants' special exception, as there was no factual or legal basis establishing that an engineering consulting business is a customary or accessory use in a residential dwelling as required by the ordinance. The Commonwealth Court also held that the Board's grant of a variance was unwarranted as Appellants failed to meet their burden of demonstrating unnecessary hardship unique to their property. Appellants contend that the Commonwealth Court's decision was improper. We disagree.[4]

As noted by the Commonwealth Court, to be entitled to the requested special exception, Appellants were required by the zoning ordinance to show that their proposed use of the property was either a customary use or an accessory use in relation to their dwelling. City of Pittsburgh Zoning Ordinance, Section 909.06(b)(8). This court first addressed a similar issue in *Gold v. Zoning Board of Adjustment,* 393 Pa. 401, 143 A.2d 59 (1958). In that case, a property owner sought a permit to operate a barbershop in the basement of his home. The property in question was zoned "D" residential and commercial uses were prohibited. The zoning regulations, however, permitted "accessory uses" defined as "uses customary and incidental to any permitted use. . . . Includ[ing] . . . home occupations." Home occupations were defined as "any lawful occupation customarily conducted in a

---

4. We are aware that Appellees did not address the propriety of the Commonwealth Court's determination that the Board erred in granting Appellants a special exception. Appellants, however, raised the propriety of this determination and, accordingly, it is properly before us for review. While argument from Appellees in this regard would have been helpful, given that Appellees are not necessarily required to file an appellate brief, we do not view argument from Appellee as being necessary. See Pa.R.A.P. 2188 (providing for the limited consequence of being precluded from participating in oral argument except by permission of the court where an appellee does not file a brief).

dwelling as an incidental use." *Id.* at 402–3, 143 A.2d at 59. Regarding whether we considered the owner's proposed barbershop to be a use customarily conducted in a dwelling, we stated:

A practical and sensible approach to the question leaves no doubt that this is not a customary use of a dwelling, such as sewing or cooking might be. Barbering is a commercial use, and not ordinarily or customarily conducted in a home. It is a business ordinarily conducted in a business shop or building. In fact, the instant zoning regulations and others designate it as such commercial use in setting up regulations. Moreover, appellee submitted no evidence to establish that his intended use was one customarily conducted in dwellings.

*Id.* at 403–04, 143 A.2d at 60.

Following this same logic one year later in *Boreth v. Philadelphia Zoning Board of Adjustment,* 396 Pa. 82, 151 A.2d 474 (1959), we again affirmed the denial of a use permit to operate a beauty shop in the basement of a home where the local zoning ordinance permitted home occupations in residential districts. As in *Gold,* the ordinance defined home occupation as "[a]ny lawful occupation customarily conducted in a dwelling as an incidental use." *Id.* at 84, 151 A.2d at 475.

Relying on *Gold,* we rejected the argument that beauty culture is similar to occupations customarily conducted in a home such as homemaking, millinery work, dressmaking, and sewing. Rather, we held that given the nature of a beauty shop business, "it is scarcely arguable that [a beauty shop] comprises an incidental use that is ordinarily conducted in a home." *Id.* at 86, 151 A.2d at 476.

The Commonwealth Court has consistently followed our holding set forth in *Gold* and *Boreth* when faced with similar provisions in local zoning ordinances. See *Platts v. Zoning Board of the Borough of Bradford Woods,* 654 A.2d 149 (Pa.Cmwlth.), *alloc. denied,* 541 Pa. 629, 661 A.2d 876 (1995) (business offices of a construction firm and real estate development, marketing, decorating and consulting business were

not customary endeavors carried on within a residence); *Page v. Zoning Hearing Board of Walker Township,* 80 Pa.Cmwlth. 589, 471 A.2d 1348 (1984) (repair and inspection of motor vehicles are not customary, incidental or secondary to residential use, thus, property owner could not conduct activities as home occupation); *Draving v. Lower Southampton Township Zoning Hearing Board,* 40 Pa.Cmwlth. 243, 397 A.2d 54 (1979) (substantial ceramics operation not customary); *Good v. Zoning Hearing Board of Haverford Township,* 35 Pa.Cmwlth. 155, 384 A.2d 1374 (1978) (real estate office not customarily incidental to residence); *Perez v. Borough of Kennett Square,* 18 Pa.Cmwlth. 425, 336 A.2d 437 (1975) (auto repair business in basement of residence not customary); *Szmigiel v. Zoning Board of Adjustment,* 6 Pa.Cmwlth. 632, 298 A.2d 629 (1972) (printing business not a home occupation).

Citing *Page,* the Commonwealth Court noted in *Platts:*

With respect to home occupations, which most zoning ordinances similarly define as activities 'customarily' associated with dwellings, our Pennsylvania decisions have never explicitly indicated whether zoning hearing boards and courts may simply take notice of general experience as to what business occupations are customary in relation to dwellings, or whether there can be a factual investigation as to what may be customary within a particular community or its region. The appellate opinions on this issue appear to reflect the first approach, taking notice of general experience and understanding.

*Platts,* 654 A.2d at 152.

We agree with the Commonwealth Court that the approach advocated by this court in *Gold* and *Boreth,* and the Commonwealth Court in the foregoing cases, is that zoning boards and courts may take notice of what business occupations are customarily conducted in residential dwellings based on general experience and understanding. As local municipalities are free to amend their zoning ordinances to provide for whatever specific uses they deem to be proper for residential property, we see no reason to abandon this approach, where, as here, the zoning ordinance generally provides only for home

occupations which are customarily associated with residential dwellings.

Turning to the matter before us, we hold that the Commonwealth Court correctly concluded that Appellants' proposed engineering business is not a use customarily carried on in a dwelling unit. Regarding whether Appellants' proposed use constitutes an accessory use, we note that the zoning ordinance defines the term "accessory use" as a "subordinate use which is clearly incidental and related to that of and on the same zoning lot or accredited zoning lot with a main structure or main use of the land." Ordinance at Section 903.02(u). The main use of the structure is residential. Accordingly, any accessory use of the property must be subordinate or clearly incidental to this use. As concluded in the foregoing discussion, an engineering business is not a customary home occupation. Likewise, based on this same reasoning, we do not view Appellants' engineering business as either subordinate or clearly incidental to the residential use of the property.[5]

5. Appellant argues that our decision in *East Torresdale Civic Association v. Zoning Board of Adjustment of Philadelphia County*, 536 Pa. 322, 639 A.2d 446 (1994), dictates a contrary result. In *East Torresdale*, we reversed a Commonwealth Court decision where the zoning hearing board granted a property owner's use variance to conduct his dentistry business in his residential dwelling. Noting that the local ordinance permitted the practice of dentistry in the district, provided that the office was situated in the dwelling of the practitioner and was incidental to the main purpose of the residence, we held that the board neither abused its discretion nor erred as a matter of law in granting the requested variance.

*East Torresdale*, however, is not applicable to the matter before us. Although the court mentioned the fact that the local zoning ordinance permitted the practice of dentistry "where incidental to the main purpose of the residence," *id.* at 323, 639 A.2d at 447, this factor was not considered by the court as the issue before the board was whether the property owner was entitled to a use variance based upon the owner's demonstration of undue hardship.

Here, Appellants did not seek a use variance to conduct the proposed engineering business on their property. Rather, as noted previously, they sought a special exception to conduct the business as a home occupation and they sought a variance to permit them to hire employees. Accordingly, the issue of whether Appellants may have been entitled to a use variance from the Board in order to conduct their engineering business was never part of this case. Therefore, *East*

Because we conclude that the Board erred in granting Appellants' requested special exception to conduct their proposed engineering business as a home occupation, we need not address the propriety of the Board's grant of Appellants' variance request to hire employees as this matter was dependent upon the grant of the requested special exception.

We recognize, as did the Commonwealth Court, that individuals, such as the Appellants, who seek to improve impoverished and dilapidated areas are to be commended; however, such improvements can only be accomplished within the parameters of the applicable zoning ordinance. Slip op. at 9 n. 4. It is for the municipality, not this court, to amend the applicable zoning ordinance to permit the use sought by Appellants in residential dwellings. For example, in *Kemp v. White Oak Zoning Hearing Board*, 70 Pa.Cmwlth. 362, 453 A.2d 66 (1982), the Commonwealth Court affirmed the common pleas court's reversal of the zoning board's decision denying the property owners' request for a special exception where the property owners, like Appellants here, sought to use their property to conduct an engineering business. Because the local zoning ordinance specifically permitted "professional office[s]" as an accessory use of the property, the court held that the owners were entitled to a special exception.[6] *Id.* 453 A.2d at 66 n. 2. A similar provision could be added to the ordinance at issue to permit the proposed use in residential districts. In the absence of such a provision, however, we cannot permit the use sought by Appellants.[7] As we stated in *Boreth*, "[w]e are ... faced with the duty of interpreting the ordinance as written and to use the legislative dictionary set up in [the] ordinance." *Boreth* at 86, 151 A.2d at 476 citing *Sterling v. Philadelphia*, 378 Pa. 538, 106 A.2d 793 (1954).

*Torresdale* has no application regarding whether the Board here erred in granting Appellants' special exception.

**6.** The court concluded that engineers are professionals.

**7.** See also our decision in *Township of Ridley v. Pronesti*, 431 Pa. 34, 244 A.2d 719 (1968) (proposed real estate business was not a customarily incidental use where zoning ordinance specifically defined customarily incidental uses to include, e.g., professional office or studio of doctors, dentists, lawyers, etc., but did not include real estate offices).

550

Based on the foregoing, we affirm the Commonwealth Court's order.