Pittsburgh Keystone Moose Lodge No. 256, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued May 7, 1979, before Judges WILKINSON, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*John F. Becker,* with him *Sikov and Love,* for appellant.

*William W. Milnes,* with him *Mark K. McNally,* and *Brandt, Milnes, Rea & Malone,* for appellee.

OPINION BY JUDGE WILKINSON, JR., June 15, 1979:

This is an appeal by the Pittsburgh Moose Lodge, No. 256 (appellant) from an order of the Court of Common Pleas of Allegheny County which sustained an adjudication of guilt and the imposition of a fine by

a magistrate in a summary conviction proceeding. The offense charged was that on August 28, 1977, appellant used its country club facility located in an R-3 residential district in Franklin Park Borough (Borough) to hold a lodge meeting in violation of the Borough zoning ordinance. We reverse.

The facts are not in dispute. Appellant purchased the property, upon which is located a clubhouse, golf course and swimming pool in August 1976. Prior to its purchase, the facility had been operated as a private country club consistent with the provisions of the Borough zoning ordinance which permitted a country club in an R-3 district. The record of the hearing before the trial court indicates that prior to purchase the property was used by club members for various social activities including dances in the clubhouse in addition to use of the recreational facilities. The testimony of appellant's secretary and general manager, corroborated by the Borough police chief, a member of appellant's organization, established that shortly after purchase, the property was used as the site for installation ceremonies for new members. Thereafter, appellant routinely held regular semimonthly lodge meetings at the country club site where the business of the lodge as well as the operation of the recreation facilities was discussed. On August 10, 1977, the Borough council amended the zoning ordinance to provide that a lodge, defined as "a local chapter of a fraternal organization and/or meeting house of such organization," may be a permitted use only in a C-2 commercial district. On August 28, 1977, appellant conducted the "lodge meeting" at issue here. In addition to the enrollment of 17 new members, appellant also formed a new women's chapter and inducted new members and officers.

Appellant argues, *inter alia,* that the trial court erred in finding a violation of the ordinance because its use of the property constituted a valid continuation

of a nonconforming use. The Borough in response argues that appellant's right to continue a nonconforming use applies only to the use of the property as a country club, *i.e.* the operation of the recreational facilities, and not to the use of the property as a meeting place for the conduct of the business of the lodge itself, in particular relying on the distinction between country clubs and lodges as established by the August 10, 1977 amendment to the zoning ordinance permitting lodges only in C-2 commercial districts. While the ordinance itself makes no such distinction, the argument of the Borough, as evidenced by testimony adduced at the hearing before the trial court, appears to be essentially directed at the swearing in or induction meetings and their ceremonial nature.

The Borough ordinance provides for the continuation of a nonconforming use defined as the "use, whether of land or of structure, which does not comply with the applicable use provisions in a zoning ordinance or amendment heretofore or hereafter enacted, where such use was lawfully in existence prior to the application of such ordinance or amendment. . . ." As established by the record, lodges and lodge meeting places were expressly permitted in a C-2 commercial district by the August 10, 1977 amendment. It is a fair inference therefore that by this amendment the Borough council intended to exclude lodges and lodge meeting places from the higher classed R-3 district. *See Bonasi v. Haverford Township Board of Adjustment*, 382 Pa. 307, 115 A.2d 225 (1955). However, the record also clearly establishes that since August 1976 appellant has used the property as a regular meeting place for all of the activities of a fraternal organization, including routine business meetings as well as installation ceremonies. Clearly, if it was the intent of the Borough to restrict the use of property in the Borough for lodge purposes to C-2 districts, this restric-

tion could not affect the use of appellant's property since its use had been in existence prior to the date of the amendment.

It is a fundamental principle of law that restrictions imposed by zoning ordinances are in derogation of the rights of a property owner under common law and therefore must strictly be construed. *Fidler v. Zoning Board of Adjustment,* 408 Pa. 260, 182 A.2d 692 (1962). Applying this principle to the case at bar we must conclude that appellant acquired at the time of purchase of the property the right to continue operation of the country club facilities and that this right included the right to hold meetings incidental to the operation of the facilities as well as the internal operation of its organization.

Accordingly, we will enter the following

## ORDER

AND Now, June 15, 1979, the order of the Court of Common Pleas of Allegheny County, at No. SA 908 of 1977, dated April 28, 1977, is hereby reversed.