## Mechanicsburg Investments, Inc. v. Zoning Hearing Board of Hampden Township

*John M. Eakin*, for appellant.
*Richard C. Snelbaker*, for appellee.

SHUGHART, *P.J.*, November 10, 1982—This case involved an interpretation of section 1002(12) of the Hampden Township Zoning Ordinance. Appellant, Mechanicsburg Investments, Inc., applied to the township zoning officer for a building permit to erect a 2500 square foot storage building at 5253 East Simpson Ferry Road, Mechanicsburg. Part of these premises are already rented to a company known as Glassmasters, which operates a glass and aluminum fabrication business there. Glassmasters intended to lease part of the new building for its storage purposes. Appellant planned to rent out the remainder to others needing storage space.

The zoning officer denied the application for a building permit and on appeal the zoning hearing board affirmed the denial. Mechanicsburg Investment has appealed to this court.

The issue is whether section 1002 sanctions the construction of a storage facility to be used independently of—as opposed to accessory to—any other permitted use. Section 1002 sets forth "permitted uses" in a commercial general zone such as the one in which the property in question is located. The township contends that section 1002 nowhere authorizes a storage or warehouse use existing independently of another permitted use. Appellant, on the other hand, argues that subsection 12 of section 1002 does permit a storage use subject only to certain limitations.

Section 1002(12) provides as follows:

No storage or processing activity shall be permit-

ted unless such activity is effectively screened by a wall or partition except in shopping centers where all incidental equipment and supplies requiring storage and processing activities must be kept within the building.

In its written opinion, the zoning hearing board emphasized the "negative or restrictive" language of subsection 12 and concluded that through such negative language the township intended to limit storage activities to those accessory to other uses permitted in section 1002. Section 1903 of the Statutory Construction Act of 1972 provides that "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage." 1 Pa.C.S.A. §1903. While this statute pertains to the construction of state statutes, common sense directs that it is employable also in the construction of municipal ordinances.

Applying this rule, it is clear that section 1002(12) does not forbid storage activity in a commercial general zone. It places various conditions upon such a use to be sure. Nevertheless, the words "No storage . . . activity shall be permitted *unless*" surely signify that once the "unless" clause has been satisfied a storage use will be permitted. (Emphasis added.)

The township contends that the regulation of storage activity in section 1002(12) pertains only to outdoor storage activity. The township also maintains that, by failing to positively mention warehousing as a permitted use, section 1002(12) permits storage activity only as an accessory to another permitted use. The ordinance is susceptible to such an interpretation. We believe, however, that such an interpretation results from a strained

construction in which several missing links in the words must be supplied to come to the desired result. Furthermore, the ordinance is equally, if not more, susceptible to the interpretation that a storage use is permitted subject to limitations.

If the township intended section 1002(12) to have the meaning for which it now contends, that meaning could have been plainly conveyed. If the intention was to limit storage to an accessory use, most inartful language was used to say so. The word "accessory" does not appear in section 1002(12) at all. It does appear in section 1002(14). That section lists "accessory building and uses customarily incidental to the above uses" as a permitted use. Thus, section 1002(14) uses the word "accessory" expressly; whereas, section 1002(12) does not. Had the draftsmen of 1002(12) meant to limit storage activity to only such activity accessory to another permitted use, they could have said so in no uncertain terms.

Finally, we consider the restriction to accessory use now advocated by the township to be arbitrary. The township zoning officer did not deny the permit because of anything inherently dangerous or unsightly about the proposed building. In fact, he admitted at the hearings before the board that there would have been no objection to construction of the exact same building had the entire area been used by Glassmasters. The use of a building for storage creates no greater risk, hazard, or burden whether employed by a tenant as an accessory or by an outside customer. Hence, there could be no reason to distinguish between those who would use a building for their own storage purposes and those who would use that building to rent to others. Such a distinction, without any reason to support it, would

be arbitrary and would flirt with constitutional restrictions. Courts should interpret ordinances in a way that preserves the rational basis for the law where possible. See In Re William L., 477 Pa. 322, 383 A. 2d 1228 (1978). Therefore, we hold that the commissioners never intended such a distinction.

This court has no hesitation about enforcing zoning restrictions as long as those restrictions are clearly articulated and they offend neither the state nor federal constitutions. We are unwilling, however, to go out of the way to limit use of property. We remain firmly in favor of the rule mandating strict construction of restrictive zoning ordinances to which appellant alludes. See Pittsburgh Keystone Moose Lodge No. 256 v. Com., 43 Pa. Commw. 367, 402 A. 2d 1107 (1979). In this belief, we are as firm today as we were some 30 years ago when we had occasion to say that "the right of an owner to the use of his property should not be restricted by implication, nor should the rights to the use of property be diminished by a strained or doubtful construction." Keller v. Lyman, 66 D. & C. 591, 595 (1949). Having said as much, here, we conclude that section 1002(12) allows storage activity as an independent use.

## ORDER OF COURT

And now, November 10, 1982, for the reasons appearing in the opinion filed this date, the decision of the Zoning Hearing Board of Hampden Township is reversed. The matter is remanded to the township officials who are instructed to issue a building permit to Mechanicsburg Investments, Inc.