559 A.2d 610

**Ronald CASSIDY and Marlene Cassidy, his wife,**

**v.**

**The ZONING BOARD OF ADJUSTMENT OF the CITY OF PITTSBURGH.**

**Appeal of CITY OF PITTSBURGH, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Feb. 7, 1989.

Decided June 8, 1989.

---

302

D.R. Pellegrini, City Sol., Gretchen G. Donaldson, Assoc. Sol., Pittsburgh, for appellant.

Melvin P. Gold, Welch & Gold, Pittsburgh, for appellee.

Before CRUMLISH, Jr., President Judge, COLINS, J., and BARBIERI, Senior Judge.

## OPINION

CRUMLISH, Jr., President Judge.

The City of Pittsburgh's Zoning Board of Adjustment (Board) denied Ronald and Marlene Cassidy's (Cassidys) special exception request. The Allegheny County Common Pleas Court reversed. We reverse the trial court.

The Cassidys—owners of a detached, two-story home in a residentially zoned, single-family neighborhood—sought a special exception to convert their basement into a beauty shop.

The Board considered testimony from neighbors who supported the Cassidys' request, and from the adjacent owners, who testified that the beauty shop would disrupt the neighborhood. The common pleas court reversed the Board's denial of the Cassidys' special exception request, concluding that the abutting neighbors' testimony was premised on *their* inconvenience and not that of the *entire* neighborhood. The court granted the Cassidys a special exception.

The City contends that the trial court erred because a beauty shop is not a valid home occupation, and because the Board's denial was supported by substantial evidence.

The City of Pittsburgh's zoning ordinance permits special exceptions in residentially zoned districts subject to enumerated conditions. Section 929.05(b) of the Pittsburgh Code permits a "home occupation, carried on in a dwelling unit by the resident thereof as a customary and accessory use." Section 909.06(b)(8) of the Code restricts the use of a residence as a home occupation:

(8) Home occupation, in R [Residential] other than R1–A [One family Residential], A1 [Commercial/Residential] and AP [Planned Commercial/Residential Unit Development] Districts carried on in a dwelling unit by the resident thereof as a customary and accessory use, provided:

A.   In connection therewith there is no person employed, no display, no sign other than such identification sign as is permitted for the dwelling unit, no mechanical equipment used other than normal domestic or household equipment and no selling of a commodity or nonprofessional service on the premises;

B.   The use does not require internal or external alterations or involve construction features not customary in dwellings;   and

C.   Reasonable safeguards are established against possible detriment to neighboring properties through emission of smoke, fumes, odors, dust noise [sic] vibration or glaring light.

The trial court, in granting the special exception, relied on this Court's decision in *Lower Allen Township v. Zoning Hearing Board of Lower Allen Township,* 71 Pa.Commonwealth Ct. 302, 454 A.2d 685 (1983), which affirmed the grant of a special exception for a home beauty shop.   Although that case would appear to be on point, on close scrutiny, we find it to be inapposite.

First, in *Lower Allen Township,* we affirmed the Board's decision *granting* a special exception;   here the Board denied a special exception.   Under our limited scope of review, we must defer to the Board's findings where the trial court has not taken additional evidence.   Therefore, in this case, where the Board has denied a special exception, our review is limited to determining whether substantial evidence supports the Board's denial or whether the trial court erred as a matter of law.[1]

---

1.   Our scope of review in zoning matters where the common pleas court took no additional evidence is limited to a determination of whether the Board abused its discretion or committed an error of law.

Additionally, in *Lower Allen Township*, the common pleas court noted that that ordinance enumerated certain home occupations and expressly provided that the enumeration was not exhaustive. It concluded that a small beauty shop was similar to occupations listed among permitted home uses.[2] That court properly relied on the illustrative list of home occupations for guidance in granting a special exception because a detailed ordinance may permit uses not otherwise allowed by a more general ordinance. *Page v. Zoning Hearing Board of Walker Township*, 80 Pa.Commonwealth Ct. 589, 471 A.2d 1348 (1984). The *Lower Allen Township* court correctly distinguished our Supreme Court's decision in *Boreth v. Philadelphia Zoning Board of Adjustment*, 396 Pa. 82, 151 A.2d 474 (1959), because an illustrative list was not present in the ordinance construed there.

█ Here, however, *Boreth* controls. The Pittsburgh ordinance definition of "home occupation" is nearly identical to the Philadelphia Code definition construed in *Boreth*. That definition, which generally limited occupations to those normally conducted in a dwelling, is narrower and lacks any enumeration of permissible home occupations. Our Supreme Court's holding[3] that a beauty shop was not a home occupation under a *general* definition applies here.

*Beecham Enterprises, Inc. v. Zoning Hearing Board of Kennedy Township*, —— Pa.Commonwealth Ct. ——, 556 A.2d 981 (1989). An abuse of discretion occurs when the Board's findings are not supported by substantial evidence in the record. *Abernathy v. Zoning Hearing Board of Hampton Township*, 119 Pa.Commonwealth Ct. 193, 546 A.2d 1311 (1988).

**2.** The Cumberland County Common Pleas Court opinion of Judge Hoffer was reported at 23 Pa.D. & C.3d 694 (1981).

**3.** In *Boreth*, our Supreme Court held that

[b]eauty culture treatment today has become an extensive operation in relation to the type of equipment, accouterments, and quarters necessary for this type of enterprise. The operators now have at their disposal a multitude of dyes, lotions, hair dressing preparations and complicated electrical machinery which *have characterized this as a commercial operation and not one that is 'customarily conducted in a dwelling.'* ... [B]eauticians must comply with both state and city requirements in the operation of their beauty sa-

Because a beauty shop cannot constitute a home occupation under the Pittsburgh zoning ordinance, the special exception request should have been denied as a matter of law. Accordingly, we reverse the trial court.

## ORDER

The order of the Allegheny County Common Pleas Court, S.A. No. 1942–1985, dated July 21, 1988, is reversed.

lons.... In view of this, it is scarcely arguable that this comprises an incidental use that is ordinarily conducted in a home. *Id.,* 396 Pa. at 85–6, 151 A.2d at 476 (emphasis added).