572 A.2d 848

**Bruce A. GOODMAN, Appellant,**

**v.**

**ZONING BOARD OF ADJUSTMENT OF the CITY OF PHIL-ADELPHIA and Millbrook Civic Association, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Dec. 12, 1989.

Decided April 2, 1990.

Carl S. Primavera, with him, Mark C. Rifkin, Mesirov, Gelman, Jaffe, Cramer & Jamieson, Philadelphia, for appellant.

No appearance for appellee.

Neil Mittelman, Geroff & Mittelman, Philadelphia, for intervening appellee, Millbrook Civic Ass'n.

Before CRUMLISH, Jr., President Judge, and McGINLEY, J., and NARICK, Senior Judge.

## OPINION

CRUMLISH, Jr., President Judge.

Bruce A. Goodman (Goodman) appeals a Philadelphia County Common Pleas Court order affirming the decision of the Philadelphia Zoning Board of Adjustment (Board) which denied Goodman's request for a variance. We affirm.

Goodman's property consists of two adjoining lots, one of which is vacant. Testimony at the Board hearing disclosed that an abandoned structure on the other lot is subject to repeated vandalism. The area is currently zoned R–2 residential.

Goodman filed an application to demolish the existing building and erect a one-story structure containing six retail stores, forty-seven parking stalls and two loading spaces. The Board denied Goodman's application for a variance, and the common pleas court affirmed, concluding that Goodman failed to establish an unnecessary hardship.

Our scope of review in zoning cases where the common pleas court took no additional evidence is limited to a determination of whether the Board abused its discretion or committed an error of law. *Cassidy v. Zoning Board of Adjustment of Pittsburgh*, 126 Pa.Commonwealth Ct. 301, 559 A.2d 610 (1989). An abuse of discretion occurs when the Board's findings are not supported by substantial evidence. *Abernathy v. Zoning Hearing Board of Hampton Township*, 119 Pa.Commonwealth Ct. 193, 546 A.2d 1311 (1988).

Section 912 of the Pennsylvania Municipalities Planning Code (Code)[1] requires that, in order to grant a variance (1) unique physical circumstances must exist (2) which cause an unnecessary hardship, or unreasonable inhibition of the property use (3) that is not self-inflicted. Also, a variance must not (4) adversely impact the health, safety, and welfare of the general public; or (5) authorize more

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10912.

than the minimum variance necessary to afford relief. *Jacquelin v. Zoning Board of Hatboro Borough*, 126 Pa. Commonwealth Ct. 20, 558 A.2d 189 (1989).[2]

■ We hold that the trial court properly affirmed the Board's denial of the variance. The Board found no hardship other than the loss of commercial value. It is, of course, settled that financial hardship alone will not justify the grant of a variance. *Cricklewood Hill Realty Associates v. Zoning Board of Adjustment of Pittsburgh*, 125 Pa.Commonwealth Ct. 653, 558 A.2d 178 (1989); *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983). Although the record indicates that the property's *commercial* value could increase if the variance were allowed, there is no evidence of any real impediment to development as currently zoned.[3]

Accordingly, we affirm.

## ORDER

The Philadelphia County Common Pleas Court order, No. 1420 June Term 1988, dated April 19, 1989, is affirmed.

■

**2.** These same requirements were adopted in the Board's ordinances. Section 14–1802(1) of the Philadelphia Code.

**3.** Having found that Goodman did not establish an unnecessary hardship, we need not address Goodman's arguments that the Board erroneously determined a variance would adversely affect the public safety and failed to address the minimum variance question.