625 A.2d 757

**Valentino DeIULIIS, Appellant,**

**v.**

**ZONING BOARD OF ADJUSTMENT OF THE CITY OF PITTSBURGH, Appellee.**

Commonwealth Court of Pennsylvania.

Argued March 2, 1993.

Decided May 18, 1993.

570

Dwight D. Ferguson, for appellant.

Gretchen G. Donaldson, Associate Sol., for appellee.

Before DOYLE and PALLADINO, JJ., and LORD, Senior Judge.

PALLADINO, Judge.

Valentino DeIuliis (Appellant) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) which affirmed a decision by the Zoning Board of Adjustment of the City of Pittsburgh (Board) denying a request for a variance for Appellant's proposed parking plan.

Appellant is the owner of a three story, seven unit apartment building with parking for seventeen (17) automobiles.[1] The property is located in an R–4 Multiple–Family District

---

1. Seven parking spaces are reserved for residents of the seven unit dwelling and ten spaces are reserved for residents of a nearby property.

which does not allow commercial parking. Appellant applied to the Office of the Zoning Administrator for an occupancy permit to increase the parking to sixty-one (61) spaces in order to lease spaces to employees of a nearby hospital, which application was denied. At a hearing before the Board on appeal, Appellant requested a variance, and proffered evidence that the non-conforming activity, namely commercial parking, had been occurring continuously since before the time of the prohibitory zoning. The Board denied the variance but granted a variance for two additional parking spaces.

The trial court, without taking any additional evidence, reversed the Board, holding that Appellant had "established a right to increased parking" based on a showing that the nonconforming use had been occurring continuously since before the prohibitory zoning went into effect. The trial court stated that it would be unreasonable to preclude the owner from expanding the parking lot to a limited extent, and remanded to the Board to allow Appellant to submit a revised plan, and to allow the Board to reevaluate the number of additional parking spaces.

Appellant subsequently submitted a revised plan showing thirty-four (34) parking spaces, ten (10) standard size and twenty-four (24) compact size,[2] at a hearing before the Board. The Board denied the thirty four stall request but granted:

[O]ccupancy of the rear yard of an existing three-story, seven (7) unit multiple-family dwelling as 26 standard size 8½′ by 19′ parking stalls, at *3431 Dawson Street*, subject to the following *conditions:*

*Conditions:*

1. The driveway shall be located along the northerly side of the structure, and be no more than 14′ in width at the Dawson Street entrance, and shall be no more than 10′ in width along the side of the structure, with curbing to be installed along both sides of the driveway; and,

**2.** A standard size stall measures 8.5′ x 19′, while a compact size stall measures 7.75′ x 16.5′.

2. All 26 parking stalls shall be standard size 8½' by 19'; and,

3. The existing asphalt paving shall be removed from the front of the structure area and the side of the structure area, except for the driveway at the northerly side of the property. These areas shall be planted and maintained with shrubs and grass; and,

4. Seven (7) parking stalls shall be assigned to the occupants of the dwelling units at 3431 Dawson Street, and 10 parking stalls shall be assigned to the occupants of the 10 dwelling units at 519 Semple Street; and,

5. None of these 17 parking stalls shall be leased or subleased to non-occupants of the structure; and,

6. A Revised Plot Plan indicating the location of the 26 standard size parking stalls, the 14' wide driveway with a 20' curb-cut shall be submitted to the Zoning Administrator. Additionally, the side yard not abutting the street setbacks of 3' and 4', and the rear yard setback of 4' as granted by the Board at Zone Case No. 165 of 1988 shall be maintained.

(R.R. at 25A, emphasis in original).

Appellant again appealed the Board's decision to the trial court, challenging the Board's denial of the thirty-four space request and conditions 1, 2, 3 and 6.

The trial court affirmed the Board with the exception that it vacated conditions one and three.[3]

The fundamental issue on appeal is whether the Board's denial of a variance for Appellant's thirty-four (34) space parking plan was an abuse of discretion.

■ Our scope of review when no additional evidence was presented to the trial court is limited to determining whether the Board committed a manifest abuse of discretion or an error of law. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983). We may

---

3. The vacated conditions have not been appealed and are not before us at this time.

conclude that the Board abused its discretion only if its findings are not supported by substantial evidence. *Id.*

Appellant argues that the Board's denial of a variance for the plan was an abuse of discretion because the number of spaces requested could be placed on the property.

The "Natural Expansion Doctrine" provides that to a certain extent, nonconforming uses may be expanded as a matter of right if matter is not detrimental to public health, safety or welfare, but nonconforming use must still comply with dimensional, space, lot size, design, structural, or aesthetic restrictions. *Piecknick v. South Strabane Township Zoning Hearing Board,* 147 Pa.Commonwealth Ct. 308, 607 A.2d 829 (1992). When seeking to expand a nonconforming use beyond the dimensional limitations, the proper procedure is to apply for a variance. *Township of Birimingham v. Chadds Ford Tavern, Inc.,* 132 Pa.Commonwealth Ct. 312, 572 A.2d 855 (1990). Finally, variances must not adversely impact the health, safety and welfare of the general public or authorize more than the minimum variance necessary to afford relief. *Goodman v. Zoning Board of Adjustment of City of Philadelphia,* 132 Pa.Commonwealth Ct. 298, 572 A.2d 848 (1990).

The trial court in its first opinion which accompanied the remand, acknowledges Appellant's right to an increase in parking, based on proof of the continuous nonconforming use. (Commercial parking). The extent of the increase was left for the Board to decide. The plan submitted by Appellant on remand contained thirty-four (34) spaces, twenty-four (24) of which were compact spaces. The plan provided no setbacks for either the side or rear yards even though setbacks of fifteen (15) and thirty (30) feet, respectively, were required by the City of Pittsburgh Zoning Ordinance (Ordinance). (Sections 937.04(4) and 937.04(5)(A) of the Ordinance.)

Since the variance must provide the minimum amount to afford relief, the Board must determine if zero setbacks and compact spaces are required to grant Appellant the necessary relief. The Board concluded that compact spaces should not be permitted on Appellant's property and that the setbacks

should be four feet in the rear and three and four feet on the sides. Appellant's plan sought an excess of the minimum setbacks from the provisions of the zoning ordinance. The Board did not abuse its discretion in denying the variance.

Appellant next argues that the Board's conditions which mandate that all the spaces must be of standard size is an abuse of discretion. Appellant contends that he should be permitted the compact spaces in the plan, and it was an abuse of discretion for the Board to require all parking spaces to be of standard size. We disagree.

Commercial parking is prohibited in the district where this property is located. It is not an abuse of discretion for the Board in granting a variance for nine spaces to limit their use to standard size vehicles.

Finally, Appellant argues that during the second hearing, Appellant and the Board reached an agreement on the conditions of the variance. Appellant maintains the revised plan was approved with a few, small changes to be made by the Board. Appellant contends that the Board abused its discretion when it did not conform to this agreement.

It is a long-standing rule that issues not previously raised are waived on appeal. *Lancaster County Tax Claim Bureau v. Valenti*, 144 Pa.Commonwealth 238, 601 A.2d 445 (1991). Appellant did not raise this issue with the trial court, and therefore, it is waived.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, May 18, 1993, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.

PELLEGRINI, J., did not participate in the decision in this case.