# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alexander DiMattia and        :
Nancy E. DiMattia,            :
                                 :
             Appellants        :
               v.               : No. 1163 C.D. 2016
                                 : Submitted: June 16, 2017
The Zoning Hearing Board of East    :
Whiteland Township and Martin      :
Belisario, Jason Dempsey, Stephen    :
Rhoades, David Walsh, Joe Kennedy   :
and Susan Bader                    :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE JAMES GARDNER COLINS, Senior Judge

**OPINION BY**
**SENIOR JUDGE COLINS**                     **FILED: August 9, 2017**

        This is an appeal filed by Alexander DiMattia and Nancy E. DiMattia (Property Owners) from an order of the Court of Common Pleas of Chester County (trial court), affirming a decision of the Zoning Hearing Board of East Whiteland Township (ZHB) that sustained a notice of zoning ordinance violation in part and prohibited them from using a garage and driveway on residential property that they own for the preparation, repair and transport of race cars. For the reasons that follow, we affirm the order of the trial court.

        Property Owners are the owners of 1238 West King Street (the Property), which they purchased in 2009. (ZHB Findings and Conclusions in

Support of 8/24/15 Order (ZHB Opinion) Finding of Fact (F.F.) ¶2;[1] Transcript of ZHB Hearings (H.T.) at 252-53, 255, Reproduced Record (R.R.) at 309a-310a, 312a.) The Property is located in an R-1 Low Density Residential Zoning District of East Whiteland Township (Township). (ZHB Opinion F.F. ¶2; H.T. at 132-33, R.R. at 190a-191a.) At the time that Property Owners purchased it, there were a single-family detached residence and two antique barn or carriage house garages on the Property. (ZHB Opinion F.F. ¶4; H.T. at 18-19, 95, R.R. at 76a-77a, 153a.) In August 2010, Property Owners applied to the Township for a permit to build a large pole barn garage on the Property, representing to the Township that they intended to live on the Property and that the pole barn garage was being constructed to store a recreational motor home and boat. (ZHB Opinion F.F. ¶¶5-6; H.T. at 132-34, R.R. at 190a-192a.) Property Owners received a building permit from the Township and thereafter constructed the pole barn garage. (ZHB Opinion F.F. ¶7.) Property Owners do not live on the Property and rent the house to tenants who are not involved in this litigation. (*Id.* F.F. ¶8; H.T. at 133, 178, 255, R.R. at 191a, 236a, 312a.) Property Owners do not lease the pole barn garage or the carriage houses to the tenants that occupy the house on the Property. (ZHB Opinion F.F. ¶8; H.T. at 255-56, R.R. at 312a-213a.)

After the pole barn garage was constructed, the Township received complaints from neighbors that a large number of vehicles were being parked on

---

[1] The Court notes that while Property Owners attached the ZHB's Order to their brief, they did not attach the ZHB Opinion to their brief or include it in the reproduced record. The Court reminds counsel that the appellant is required to attach to his brief "any opinions delivered by any court or other government unit below relating to the order or other determination under review, if pertinent to the questions involved," Pa. R.A.P. 2111(b), and that this obligation includes attaching a copy of the findings of fact and conclusions of law of the agency whose decision is the subject of the appeal.

the Property. (ZHB Opinion F.F. ¶10; H.T. at 134-35, R.R. at 192a-193a.) In March 2013, the Township Code Enforcement Officer (Code Enforcement Officer) issued a Notice of Violation (2013 Notice of Violation) to Property Owners directing them to cease storing trailers and unregistered vehicles on the Property. (ZHB Opinion F.F. ¶11; Ex. D-4, R.R. at 7a-8a.) Property Owners removed vehicles from the Property in response to this notice, and the Township, in April 2013, withdrew the 2013 Notice of Violation. (ZHB Opinion F.F. ¶¶12-13; Ex. D-7, R.R. at 11a.)

Following further complaints from neighbors, the Code Enforcement Officer, on November 14, 2014, issued the Notice of Violation that is the subject of this appeal (2014 Notice of Violation). (ZHB Opinion F.F. ¶¶15, 17; Ex. D-23, R.R. at 12a-13a.) The 2014 Notice of Violation asserted that Property Owners were servicing vehicles from an automobile repair business that they own on the Property and were working on race cars on the Property, in violation of the provisions of the Township Zoning Ordinance (Zoning Ordinance) governing permitted uses in R-1 districts. (Ex. D-23, R.R. at 12a-13a.) The 2014 Notice of Violation directed Property Owners to cease and desist using the garages and driveway on the Property for "servicing vehicles, working on race cars and trailer storage." (*Id.*, R.R. at 13a.) Property Owners timely appealed the 2014 Notice of Violation to the ZHB.

The ZHB held three days of hearings on Property Owners' appeal between February 23, 2015 and June 22, 2015. At these hearings, 11 neighbors appeared and intervened as parties. Four neighbors, the Code Enforcement Officer, Tony DiMattia, who is Property Owners' son, and Property Owner Alexander DiMattia testified. Both a neighbor and Tony DiMattia testified that

3

Tony DiMattia and Property Owner Alexander DiMattia regularly build, assemble, do maintenance on and repair race cars in the pole barn garage on the Property, and that they keep a trailer and pick-up truck on the Property to transport the cars to races. (H.T. at 40, 42-44, 50, 79-80, 87-88, 198, 200-01, 204-05, 212-13, 227, R.R. at 98a, 100a-102a, 108a, 137a-138a, 145a-146a, 255a, 257a-258a, 261a-262a, 269a-270a, 284a.) The neighbors testified that there were race car tires and car parts outside the garages, that there was noise at night from the work on the race cars, and that the race car activity was "like a pit stop." (*Id.* at 47-51, 109-10, 115, 121, R.R. at 105a-109a, 167a-168a, 173a, 179a.) Tony DiMattia testified that the race car building and repair was a hobby that he engaged in with his father and that he races the cars, but admitted that he worked on the cars on the Property every day that he was not racing, sometimes for as much as 12 hours a day and often into the night. (*Id.* at 196-201, 225, 228-31, R.R. at 253a-258a, 282a, 285a-288a.) There was also evidence that numerous vehicles had been stored on the Property, including unregistered vehicles with tags connected to Property Owners' auto repair business, damaged vehicles, and a backhoe. The Code Enforcement Officer conceded, however, that the storage of vehicles unrelated to the race car activity had abated after the 2014 Notice of Violation and that his knowledge of vehicles connected to Property Owners' auto repair business was in the period prior to the 2013 Notice of Violation. (*Id.* at 143, 160, 169, R.R. at 201a, 218a, 227a.)

On August 24, 2015, the ZHB issued an order sustaining Property Owners' appeal from the charge of servicing vehicles from their automobile repair business and denying Property Owners' appeal from the charge that their race car activities on the Property violated the Zoning Ordinance. The ZHB concluded that use of the Property to service or store vehicles from the repair business would

4

violate the Zoning Ordinance, but found that there was insufficient evidence that such use was ongoing at the time of the hearings. (ZHB Order at 1 n.1; ZHB Opinion F.F. ¶¶18-20, Discussion at 8, Conclusion of Law (C.L.) ¶¶4-5.) With respect to Property Owners' race car activities, the ZHB found that those activities were continuing to occur on the Property and that the preparation of race cars for races and the rebuilding, repair, maintenance and transport of race cars were not subordinate to or customary or incidental to the residential use of the Property and were not permitted as an accessory use in an R-1 district, regardless of whether Property Owners resided on the Property. (ZHB Order at 1-2 n.2; ZHB Opinion at F.F. ¶¶15-16, 21, 31-32, Discussion at 8-11, C.L. ¶6.) The ZHB's Order prohibited Property Owners from "using either the garage building or the driveway for the preparation of race cars, the repair of race cars and/or the transport of race cars from the property (except that such may be driven from the garage via the driveway to public streets)" and provided that "the transport vans shall likewise not be parked within the property as they serve no accessory purpose to the principal use of the subject property as a residence." (ZHB Order at 1-2 ¶2.) Property Owners appealed the ZHB's order to the trial court, which heard the appeal on the ZHB record without additional evidence and affirmed the ZHB's order.

In this Court, Property Owners argue that the ZHB and trial court erred in holding that their race car activities were not permitted by the Zoning Ordinance as an accessory use.[2] We do not agree.

---

[2] Because the trial court took no additional evidence, our review is limited to determining whether the ZHB committed an error of law or an abuse of discretion. *City of Hope v. Sadsbury Township Zoning Hearing Board*, 890 A.2d 1137, 1144 (Pa. Cmwlth. 2006). The issue of whether a landowner's use of a property is a permitted accessory use under a zoning ordinance is a question of law subject to this Court's plenary review. *Barnabei v. Chadds Ford Township Zoning Hearing Board*, 118 A.3d 17, 22 (Pa. Cmwlth. 2015).

5

The Zoning Ordinance limits the permitted uses in an R-1 district to single-family detached residential dwellings, uses accessory to such dwellings, and passive recreation, which the Zoning Ordinance defines as "pastoral enjoyment and low-intensity recreational activities such as walking trails, nonmotorized biking, running, roller-blading, picnic areas, bird-watching and similar activities." (Zoning Ordinance, Art. V §§ 200-18 (A), (C), 200-19, 200-21 & Attachment 1; Zoning Ordinance, Art. XIV § 200-90(A); Zoning Ordinance, Art. III § 200-14 Recreation, Passive.)[3] Section 200-14 of the Zoning Ordinance defines "accessory use" as:

> A structure or use that:
>
> A. Is <u>clearly incidental to and customarily found in connection with a principal building or use</u>;
>
> B. Is <u>subordinate to and serves a principal building or a principal use</u>;
>
> C. Is subordinate in area, extent, or purpose to the principal building or principal use served;
>
> D. <u>Contributes to the comfort, convenience, or necessity of occupants</u>, business, or industry <u>in the principal building or principal use</u> served; and
>
> E. Is located on the same lot as the principal building or use served.

(Zoning Ordinance, Art. III § 200-14 Accessory Use) (emphasis added).

The ZHB and trial court correctly concluded that Property Owners' race car activities did not satisfy these requirements for an accessory use. The

---

[3] Certain other uses are permitted by special exception or conditional use, but there is no claim that Property Owners' race car activities fall within those other uses and Property Owners did not seek or obtain a special exception or conditional use.

principal permitted use of the Property is as a residence. Property Owners' building and maintenance of race cars could not be subordinate to or serve that principal use, because Property Owners do not reside on the Property. *See Rudolph v. Zoning Hearing Board of Cambria Township*, 839 A.2d 475, 480-81 (Pa. Cmwlth. 2003) (landscaping business could not be accessory use home occupation where there was no home on the property at which the user resided) (*en banc*); *Mitchell v. Zoning Hearing Board of the Borough of Mt. Penn*, 838 A.2d 819, 827 (Pa. Cmwlth. 2003) (use of elementary school gymnasium was properly limited to students at that school because use of gymnasium for other school district schools was not an accessory use); *Kelly v. Zoning Hearing Board of Mars Borough*, 554 A.2d 1026, 1027 (Pa. Cmwlth. 1989) (garage could not be subordinate to principal permitted use of property as residence where there was no house on the property and was therefore not permitted as accessory use).

In addition, because Property Owners did not live on the Property and engaged in the race car work for their own benefit and enjoyment and not for their tenants, they could not satisfy the requirement that the use "[c]ontributes to the comfort, convenience, or necessity of <u>occupants</u>" of the residence. (Zoning Ordinance, Art. III § 200-14 Accessory Use (D)) (emphasis added). The only evidence concerning the effect on the occupants was that the race car activities interfered with the ability of the tenants who rented and lived in the residence to properly park their own vehicles, requiring them to park on the grass rather than in the driveway or the garages on the Property. (H.T. at 153-54, 240-41, R.R. at 211a-212a, 297a-298a.)

Moreover, even if Property Owners resided on the Property, their race car activities would not constitute a lawful accessory use under the Zoning

7

Ordinance because those activities are not "clearly incidental to and customarily found in connection with" residential properties. (Zoning Ordinance, Art. III § 200-14 Accessory Use (A).) Whether a use is "customarily found" and "incidental" to the primary permitted use of a property requires examination of both the type and intensity of the use and whether uses of that type and intensity are akin to uses that are customarily found or would reasonably be expected with that primary use in the area where the property is located. *Sky's the Limit, Inc. v. Zoning Hearing Board of Smithfield Township*, 18 A.3d 409, 413 (Pa. Cmwlth. 2011); *Hess v. Warwick Township Zoning Hearing Board*, 977 A.2d 1216, 1224-25 (Pa. Cmwlth. 2009). Here, the ZHB found that the level of race car building, repair, maintenance, and transport activity was extensive and pervasive (ZHB Order at 1-2 n.2; ZHB Opinion F.F. ¶31, Discussion at 8, 10), and these findings are amply supported by Property Owners' son's testimony that this work occurs every day, for hours at a time. Regular, daily vehicle repair work is not an activity customarily associated with or incidental to residential properties and residential neighborhoods. *See Page v. Zoning Hearing Board of Walker Township*, 471 A.2d 1348, 1350 (Pa. Cmwlth. 1984) (small motor vehicle repair businesses are not "within the category of pursuits customarily conducted on residential premises"); *Perez v. Borough of Kennett Square*, 336 A.2d 437, 438 (Pa. Cmwlth. 1975) (vehicle repair business is not incidental or customary activity on residential property).

Property Owners contend that their race car activities are automatically a lawful accessory use without regard to the relationship of those activities to the residential use of the Property because Section 200-90(A)(1) of the

8

Zoning Ordinance lists private garages as an accessory use for residential properties and the Zoning Ordinance defines a private garage as

> [a]n accessory building or part of a permitted principal building capable of the storage of automobiles or trucks owned and used by the owner or tenant of such building. Such building shall not be utilized at any time for commercial or business purposes.

(Zoning Ordinance, Art. III § 200-14 Garage Private.) This argument fails for two reasons.

First, the issue here is not whether Property Owners' pole barn garage is a lawful accessory structure or accessory use of the Property. The Township did not dispute that the garage itself was a permitted accessory use and the ZHB did not hold that the garage was an unlawful structure. (ZHB Order at 1 n.2; ZHB Opinion Discussion at 9.) Rather, the issue here is whether Property Owners' use of the garage and driveway for building, repairing and transporting race cars is an accessory use. Nothing in the definition of private garage exempts building, repairing and transporting of vehicles from the Zoning Ordinance. The only use referenced in the definition of a private garage is "storage" of vehicles. The evidence was undisputed that Property Owners did not merely store race cars and the ZHB's order did not prohibit Property Owners from storing race cars inside the pole barn garage or other garages on the Property.

Second, contrary to Property Owners' assertions, Section 200-90(A)(1) of the Zoning Ordinance does not permit private garages regardless of their relationship to the residential use of the property. Section 200-90(A)(1) provides:

9

> A. Accessory Uses to residential principal uses. Uses accessory to dwellings include but are not limited to the following:
>
> (1) Private garage, carport, driveway, parking space. ...

(Zoning Ordinance, Art. III § 200-90(A)(1).) Thus, a private garage is merely listed as a type of use that is permitted on a residential property if the garage is accessory to the dwelling on the property and is not exempt from the Zoning Ordinance's requirements for accessory uses. *Platts v. Zoning Hearing Board of Borough of Bradford Woods*, 654 A.2d 149, 151-52 (Pa. Cmwlth. 1995) (all requirements set forth by zoning ordinance for "accessory use" must be satisfied even where zoning ordinance stated that "pursuit of vocational or avocational interests by a resident shall be deemed an accessory use to a dwelling").

Property Owners also assert that their race car activities constitute an accessory use because the evidence before the ZHB showed that these activities were a hobby, rather than a commercial use of the Property. This fact, however, is beside the point. Whether an activity is commercial or a hobby is not determinative of whether it is an accessory use. *Barnabei v. Chadds Ford Township Zoning Hearing Board*, 118 A.3d 17, 21-23 (Pa. Cmwlth. 2015); *Risker v. Smith Township Zoning Hearing Board*, 886 A.2d 727, 733 (Pa. Cmwlth. 2005). If the type and intensity of an activity is not subordinate and incidental to and customarily associated with the primary permitted use of the property, it is not a permitted accessory use, even if it is a hobby or recreational activity of the property owner and no commercial purpose or economic gain is involved. *Hess*, 977 A.2d at 1217-18, 1224-25 (keeping of 21 dogs on property as pets and for entry in dog shows, 17 of which were housed in a building separate from the house, was not an accessory use in a residential zoning district even though

10

property owners did not board, groom, train, breed or raise other people's dogs); *Risker*, 886 A.2d at 728, 733 (landing strip for airplane that a property owner who resided on the property "wants to fly, as a form of recreation," was not accessory use "regardless of whether the landing strip and plane are solely for the recreational use of [the property owner]"); *Kuzsyk v. Zoning Hearing Board of Amity Township*, 834 A.2d 661, 663, 666 (Pa. Cmwlth. 2003) (flying of helicopter that property owner characterized as recreational was not accessory use because "flying a helicopter from a single-family residence is neither a customary nor incidental use").

*Kohl v. New Sewickley Township Zoning Hearing Board*, 108 A.3d 961 (Pa. Cmwlth. 2015), relied on by Property Owners, is not to the contrary. In *Kohl*, the issue before the Court was whether the property owners' keeping of dogs was a "kennel" prohibited by the zoning ordinance in question, not whether the activity was permitted as an accessory use in the zoning district where it was located, and the ordinance's definition of "kennel" referenced economic gain. *Id.* at 967-70, 972-73. *Hufford v. East Cocalico Township Zoning Hearing Board*, (Pa. Cmwlth., No. 1973 C.D. 2014, filed Aug. 5, 2015), 2015 WL 5511466, is likewise inapposite. In *Hufford*, the use of the garage was merely to store the property owner's classic cars and the garage, while large, was similar in size to other garages in the area. Slip op. at 2-4, 2015 WL 5511466 at *1.

Here, the evidence showed that Property Owners' race car work was a regular, daily activity more analogous to a vehicle repair shop in its intensity than to a homeowner working on his own vehicle in his garage or the mere storage of vehicles. The ZHB therefore did not err in concluding that the race car activities did not meet the requirements of the Zoning Ordinance that an accessory use be

11

"clearly incidental to and customarily found in connection with" the primary residential use of the Property.

Accordingly, we affirm the Order of the Trial Court.


_____
**JAMES GARDNER COLINS, Senior Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alexander DiMattia and        :
Nancy E. DiMattia,            :
                                    :
            Appellants      :
          v.                 : No. 1163 C.D. 2016
                                    :
The Zoning Hearing Board of East   :
Whiteland Township and Martin     :
Belisario, Jason Dempsey, Stephen   :
Rhoades, David Walsh, Joe Kennedy  :
and Susan Bader                 :

# O R D E R

AND NOW, this 9th day of August, 2017, the Order of the Court of Common Pleas of Chester County in the above-captioned matter is AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**